SAMUEL FLETCHER *versus* INHABITANTS OF LINCOLNVILLE.

A school district meeting may be called legally by the selectmen of the town on the written application of three or more qualified voters, who then resided within the district, although they are not described as such in the application.

Where the selectmen issue their warrant to one of the applicants, directing him to call a meeting " *at the schoolhouse in said district,*" and he returns on the warrant, that he had posted up notices for the purpose, " *one at the schoolhouse and one at the grist mill, both in said district,*" the return furnishes sufficient evidence, that the notices were posted, as to place, as the St. 1834, c. 129, § 11, requires, " on the district schoolhouse and one other public place within the limits of said district."

The notice is given a sufficient time before the meeting, if posted up on the sixteenth, when the meeting was to be on the twenty-fourth of the month.

If a person be chosen as agent of a school district by the qualified voters thereof, assembled together, but not at a district meeting legally called, such person is not agent of the district.

THIS action was assumpsit to recover forty-two dollars for instructing a common school, in District No. 8, in Lincolnville. The cause was opened to the jury, and when the evidence had been ascertained, the facts were agreed.

The plaintiff performed services as charged, and the inquiry was, whether the defendants were liable. On Nov. 15, 1838, "Isaac Hills and three others, all legal voters and freeholders in said district, applied in writing to the selectmen of the town to issue a warrant" to call a meeting of the legal voters in said district, to choose a clerk, agent, &c.; but the application did not state, that they were freeholders within the district. The warrant was issued by the selectmen on the next day, under their hands and seals, directing Hills to notify and warn the meeting on Nov. 24, at 6 o'clock, P. M. "at the schoolhouse in said district;" Hills posted up the notices for that purpose, on the same day, " one at the schoolhouse and one at the grist mill, both in said district;" the voters met, organized their meeting, chose Daniel Calderwood, clerk, and Thomas Kendall, agent. Kendall was duly sworn, and afterwards employed the plaintiff to keep the school during the time he has charged for his services.

It was also agreed, that on May 14, 1838, at a meeting of legal voters of the district, Charles Richards was chosen school agent, and entered upon the duties of the office, employed an instructress of the summer school, and superintended that school, but he was not sworn until Nov. 16, 1838. The meeting of May 14, was called by said Thomas Kendall, as agent of the district, but it did not appear by the records or otherwise, that any written request was made to him to call the meeting, nor that any notices for the meeting were posted up. At this meeting in May, Charles Shepherd was chosen clerk, and was duly sworn, but was not present at the meeting on Nov. 24.

At an informal meeting of the inhabitants of the district, Nov. 14, Richards was present and remarked, that he did not consider himself as agent for the district, said he had not been sworn, and requested them to take measures to call a legal meeting to choose a new school agent, but before the meeting on Nov. 24, he notified Kendall of having taken the oath on the 16th.

At the annual town meeting of the town, in April, 1838, the town voted that each school district should choose its own agent. At the close of the statement, it is said, " the plaintiff introduced said Thomas Kendall as a witness, who was sworn, and testified that he posted up only one notice of the meeting which was holden May 14, 1838."

If, in the opinion of the Court, the action could be maintained, the defendants were to be defaulted; and if it could not be, the plaintiff was to become nonsuit.

*Kelly*, for the plaintiff, contended that the plaintiff had a legal right to recover for the services he had rendered. The agent who employed him was chosen at a meeting called in all respects in conformity with the provisions of the St. 1834, c. 129, § 3, 11.

Richards could not legally interfere as agent. The meeting at which he is said to have been chosen, was not called according to law, as no application was made for it, and but one notice was posted up, when the law requires two. The statute

requires that the agent should be sworn, and Richards had never taken the oath until after a new warrant was issued to call a meeting for the choice of agent. His conduct amounted to a resignation of the office, if he had ever been chosen to it.

All the legal requisites to make the choice of an officer legal must appear of record. 7 Greenl. 426 ; 4 Greenl. 44 ; 14 Mass. R. 315 ; 5 Pick. 323.

*W. G. Crosby,* for the defendants.

He who attempts to charge a corporation on a contract, must prove a contract legally made. 4 Greenl. 46. The plaintiff, to recover, must prove that the agent was legally chosen ; and to be legally chosen, the meeting at which he was chosen must have been legal. The statute requires, that the application should be made by three or more qualified voters residing within the district. The application does not state that they were then residing within the limits of the district, or that they were qualified to vote.

No legal notice was given of the district meeting. The return is the only admissible evidence of notice, and does not show that the *mill* was a public place. Nor does it appear from the return, that seven days' notice had been given. Nor does it appear that any notice was given of the purposes of the meeting. 12 Pick. 206 ; 14 Mass. R. 315.

Kendall was not duly elected agent, because there had already been an agent elected for the year, which had not then expired.

The opinion of the Court was by

WESTON C. J. — If Thomas Kendall, who employed the plaintiff, was legally the school agent in district number eight, in the town of Lincolnville, the action is maintained. The mode of calling district meetings, is prescribed by the statute of 1834, c. 129, § 11. The meeting at which Kendall was chosen, was upon the written application of four individuals to the selectmen of the town. It is objected, that it does not appear, that they were qualified voters, residing within the district. If that fact is not to be presumed, from the official ac-

tion of the selectmen, which followed, it is established by the agreement of the parties; and if the fact existed, the warrant is justified. By the schoolhouse, in the return of the applicant, to whom the warrant was directed, must be understood the schoolhouse of that district, or in other words, the district schoolhouse. The grist mill in that district, must to a common intent, be taken to have been a place to which the citizens had occasion to resort; and therefore a public place, within the fair meaning of the statute. It being certified, under the date of the sixteenth of November, that copies of the application and warrant had then been posted for the meeting on the twenty-fourth of the same month, it does appear that this was done seven days before the meeting. All the objections therefore taken to the regularity of this meeting, are overruled.

It is insisted however, that Kendall was not duly elected at that meeting to the office of agent, the place having been filled by the election of Richards, on the fourteenth of May preceding. Without adverting to other objections raised to the official character of Richards, it is a sufficient answer to his pretensions, that the meeting, at which he was elected, does not appear to have been called in pursuance of law.

*Judgment for the plaintiff.*