COLLINS *v.* WALKER.          { MARCH 12, 1875.

Upon a writ of error, nothing which contradicts the record can be assigned for error.

An irregularity in entering up a judgment is not ground for error. Upon motion in the court where the proceedings were had, the irregularity will be corrected and the record amended accordingly.

WRIT OF ERROR, brought by John Collins and Winthrop Collins against Frank P. Walker, to reverse a judgment recovered by the defendant in error against the plaintiffs in error at the February term, 1872, of the supreme court for the northern district of the county of Coös. The error assigned is, that the plaintiffs who were defendants in the original action having suffered default, judgment was thereupon entered up against them by the attorney of this defendant, plaintiff in the original suit, for fifteen dollars damages, and eight dollars and eight cents costs of suit, "without any assessment of said damages by a jury, by the court, or in any way by order of, or under or by direction of, the court."

The original suit was commenced December 12, 1871, and was returnable to and entered at the February term, 1872, of the supreme court for the northern district of this county. The action was trover, for the conversion of two thousand feet of lumber of the value of thirty dollars. Annexed to the writ is a paper containing the following words:

John & Winthrop Collins,

To Frank P. Walker, Dr.

· To conversion of lumber,                    $15.00

The docket entry was in these words:

"Frank P. Walker *v.* John Collins & Winthrop Collins. Dudley."

The record of the judgment is as follows:

"The State of New Hampshire. Coös ss. February Term, 1872.

"At the trial term of the supreme judicial court holden at Colebrook, in and for the northern judicial district of said county of Coös, on the first Tuesday of February, in the year of our Lord one thousand eight

hundred and seventy-two : Present, the Hon. Jeremiah Smith, presiding justice.

"Frank P. Walker of Dixville in said county, plaintiff, against John Collins and Winthrop Collins, both of said Dixville, defendants.

"In a plea of the case, set forth at large in the writ on file, the plaintiff appears : the defendants, though three times called, appear not but make default. It is therefore considered by the court that the said plaintiff recover against the said defendants fifteen dollars damages, and costs of suit taxed at eight dollars 8 cents.

"Attest:          C. B. Jordan, clerk."

*Ray, Drew & Haywood,* for the plaintiffs in error.

*Bingham & Mitchell,* for the defendant in error.

SMITH, J.   In *West* v. *Whitney,* 26 N. H. 314, BELL, J., lays down three modes for assessing damages upon default: 1. Where the damages are mere matter of computation, as in casting interest upon a promissory note, the damages are usually computed by the clerk, and he frequently adopts the cast as made by the plaintiff's attorney.   2. Where the damages are uncertain, and their assessment calls for the exercise of judicial discretion, the amount is ascertained by a jury if either party asks it.   3. In other cases, the evidence is taken in writing and laid before the court, and the damages assessed by the judges.

In all cases where the damages are assessed by the judges or by the clerk, the evidence upon which the assessment is made is required to be filed with the clerk, where it of course remains as part of the record and proceedings in the cause.

To the three modes of assessing damages upon default enumerated by Judge BELL may be added a fourth, namely, where the assessment is made by the judge upon oral evidence produced before him in court. In such cases, of course, there would be no evidence to be filed, and it is therefore important that the docket or record should show the fact that the assessment was made upon oral testimony produced before the court.

The record before us shows a judgment by the court, but the evidence upon which the amount of damages was ascertained is not filed with the clerk.

*Jarvis* v. *Blanchard,* 6 Mass. 4, is a case very similar to this. The action was case for immoderately riding a horse, by reason of which he died. The defendant in the original suit was defaulted, and judgment was rendered against him by the court, without inquiry, by a jury, for $200 damages. Error was brought to reverse the judgment, and the error assigned was, that the court " entered judgment for the whole damage laid in the writ, without any inquiry into the damage sustained ; and that the plaintiff did not move to have a jury to inquire into the damage before judgment was entered." PARSONS, C. J., said,—"The record of the judgment does not explicitly state by whom the damages

were assessed, but only 'it is considered by the court that the plaintiff recover the sum of two hundred dollars.' The damages must therefore have been assessed by the court, for which they were legally competent, an inquiry by a jury not being moved for by the plaintiff. The judgment is entered in the ancient and usual form; and to reverse it because it is not expressly stated that the court inquired into the damages, would be to overturn all our judgments where a jury have not assessed the damages." And in *Fairfield* v. *Burt*, 11 Pick. 246, which was error to reverse a judgment, it was said, by SHAW, C. J.,— "It was further objected, that the damages were not formally assessed by the court, conformably to the statute. Whether this was so or not does not appear by the record; the presumption of law is, that the damages were legally assessed, and the contrary not appearing, no error appears in that respect."

The plaintiffs' counsel has cited *Hadlock* v. *Clement*, 12 N. H. 68, as an authority in support of the writ in this suit. In that case it was held that a writ of *audita querela* would not lie in a case like the one before us; and PARKER, C. J., who delivered the opinion of the court, remarked,—"We are inclined to think that error well lies in such case; for the judgment must be regarded as the act of the court, although the erroneous proceeding has been occasioned by the fault of the party in entering it up without having an inquiry into the damages." "But," continues Judge PARKER, "if the supposition were correct, that a writ of error could not be sustained here because the omission of an inquiry into the damages is the wrongful act of the party, the complainant might be relieved, on motion, in the common pleas, where the judgment was rendered."

The law as thus laid down by Judge PARKER is not questioned; but the difficulty in this case is, that the record does not show that the damages were not legally assessed. On the contrary, the record is in the "ancient and usual form," and recites,—"It is therefore considered by the court," &c. In the absence of anything to the contrary in the record, the presumption must be that the damages were legally assessed.

In *Claggett* v. *Simes*, 31 N. H. 22, it is laid down that nothing can be assigned for error which contradicts the record;—see numerous authorities there cited. "The records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves: wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit it." 2 Bac. Abr. 219.

The error assigned in this case is, that judgment was entered up by the attorney of this defendant, plaintiff in the original suit, " without any assessment of said damages by a jury, by the court, or in any way by order of, or under or by direction of, the court." This is clearly assigning for error that which contradicts the record; nor does the copy of the record, which has been laid before us as evidence of the truth of the error assigned, support the allegation. But if there was

such an irregularity as is here complained of, it belongs to that class of defects which are amendable in the court in which the judgment was rendered. In *Claggett* v. *Simes, supra*, it was laid down that "the court in which the irregularity occurs will readily grant relief if the application is seasonably made, and irregularities of this kind will always be corrected upon a proper cause shown. * * But the remedy of the party is by a motion, and not by a writ of error. If there has been any mistake in making up a record, the court, on application, will direct an amendment; and it can be altered or controlled in no other way."

By section 12 of the judiciary act of 1874 (ch. 97), all records and files of the late supreme judicial court are placed in the custody and control of this court, and may be here proceeded on and enforced. This court therefore has the power, upon motion, to inquire whether there was any irregularity in entering up the judgment in that court, and to amend the record to conform to the truth.

We regard it as a gross irregularity for a party to procure a judgment to be entered in actions sounding in tort, or where the damages are unliquidated, without an assessment of damages in one of the ways mentioned above; and we are unwilling to countenance a practice which must frequently result in great injustice.

This cause will be retained upon the docket to abide the result of a motion to amend the record.

CUSHING, C. J., and LADD, J., concurred.

NOTE. At the June term, 1875, it having been made to appear that the judgment had been irregularly entered up, without any legal assessment of damages, it was ordered that the judgment be vacated, the executions issued thereon be annulled, the default of the original defendants be taken off, and the action be brought forward at the next term of the circuit court for the northern district of Coös county for further proceedings.