SCHOOL-DISTRICT No. 3 IN GREENFIELD & a. *v.* GREENFIELD & a.

The common-law methods of winding up the affairs of an extinct corporation are not abolished by the statutes which allow a limited continuance of some of its powers for special purposes.

A school-district holds its property in trust for beneficiaries whose equitable rights in the trust estate are not created by the incorporation, nor lost by the dissolution, of the trustee.

When the debts of an abolished school-district are less than the value of its property, they are properly paid by the town district to which the property passes.

PETITION, for a *mandamus* for the assessment of an equalizing tax under *s.* 2, *c.* 43, Laws 1885. Upon an appraisal made by referees appointed by the court on agreement of the parties, the property of district No. 3 is found to be worth $4,493.75. This property includes a school-house built in 1885 at an expense of about $4,600. The debt of the district is about $4,200, a part of which is payable in instalments at different times from 1886 to 1890. A tax of $600 was assessed on No. 3 in 1885, and collected. A tax of $800 has been assessed on the tax-payers of the same territory in 1886, for the payment of the portion of the debt due this year.

*C. H. Burns* and *C. R. Morrison,* for the plaintiffs.

*Briggs & Huse,* for the defendants.

DOE, C. J. The common-law methods of winding up the affairs of extinct corporations are not abolished by the statutes allowing

a limited continuance of some of their powers for special purposes. G. L., c. 147, s. 17; c. 86, s. 28; Laws 1885, c. 43, s. 7. In this case it does not appear that the survival of any of the powers of district No. 3 will be necessary or convenient for the settlement of its business. As a private corporation holds its property in trust for the benefit of its stockholders, so a municipality holds its property in trust for beneficiaries whose equitable rights in the trust estate are not created by the incorporation, nor lost by the dissolution, of the imaginary holder of the legal title. The common law transfers the legal title to a provisional trustee if the employment of such an agent is necessary, settles the business of the defunct corporation, and so disposes of the trust property as to maintain the rights of the equitable owners. *Ashuelot Railroad* v. *Elliot*, 58 N. H. 451, 455; *Morrison* v. *Manchester*, 58 N. H. 538, 563; *Robinson* v. *Dover*, 59 N. H. 521, 526; *Simpson* v. *C. S. Bank*, 56 N. H. 466, 478; *Chapin* v. *School-District*, 35 N. H. 445, 454; *Wilson* v. *Towle*, 36 N. H. 129, 138; *Broughton* v. *Pensacola*, 93 U. S. 266, 268; *Farrington* v. *Tennessee*, 95 U. S. 679, 686; *Meriwether* v. *Garrett*, 102 U. S. 472, 501, 502, 512, 521, 528, 530, 532; Cooley Tax. (2 ed.) 142, 143; 1 Dillon Mun. Corp., ss. 169, 170; 2 Morawetz Corp., ss. 1031–1037; Field Corp., ss. 491, 492; Pierce Railroads 13; *Bristol* v. *New Chester*, 3 N. H. 524, 533, 535; *Greenville* v. *Mason*, 53 N. H. 515, 518; *Gordon* v. *Cornes*, 47 N. Y. 608, 612; Cooley Tax. 144; *Bowles* v. *Landaff*, 59 N. H. 164, 192; *B. M. Co.* v. *W. Location*, 60 N. H. 156, 157; Cooley Tax. (2d ed.) 141.

The general rule of equalization, applied to abolished school-districts by s. 2, c. 43, Laws 1885, is an affirmance of the rights of all parties concerned. The union of several districts necessarily involves a process of marshalling the benefits of their assets and the burdens of their debts. The statute provides the simple method of assessment and remission. *Sargent* v. *School-District*, 63 N. H. 528, 532. In the case of an abolished district, parts of which belonged to different towns, provision is made for an apportionment of property and debts, and more than a year is allowed for adjustment. In the case of other abolished districts, the act of 1885 makes no express provision in regard to debts, and the property is to be equalized in one year. A statutory affirmance of constitutional and common-law rights of property and debt is unnecessary, and the limitation of time is directory merely, and not a limitation of right, remedy, or power. There is no express or implied prohibition of an assessment after the time named. *Pond* v. *Negus*, 3 Mass. 230, 232; *Hughes* v. *Parker*, 20 N. H. 58, 71; *Ins. Co.* v. *Moore*, 55 N. H. 48, 54; Cooley Const. Lim. 77; Sedgwick Const. of Stat. (2d ed.) 316–324; Dwarris Stats. (Potter's ed.) 222; *Queen* v. *Ingall*, 2 Q. B. D. 199. As the debts of district No. 3 are less than the value of its property, they will properly be paid by the town district to which the property passes. The suc-

cessor in property is the natural successor in debt. *Broughton* v. *Pensacola*, 93 U. S. 266, 270; *Mt. Pleasant* v. *Beckwith*, 100 U. S. 514; 1 Dillon Mun. Corp., *ss.* 186, 188. 189. By regarding the debts of No. 3 as assumed by the town district and set off against an equal amount of the debtor's property, the municipal succession will be forwarded in one of the simple modes designed by the statute. The legislature did not intend that the money for the payment of the funded debt should be unnecessarily raised years before that debt could be paid. The equalizing tax will include, not the whole amount of the property of No. 3, but the excess of its property over its debts. Accrued interest on its debts will be reckoned to the time its property vested in its successor, and the whole adjustment will be made on equitable principles. The rights of creditors will not be impaired, and the securities need not be changed. *Clark* v. *Nichols*, 52 N. H. 298, 300.

The tax assessed on No. 3 in 1885 was properly collected, and should not be reimbursed. Any part of it, collected and remaining unexpended, vests in the town district, to be accounted for, like other property of No. 3, in the assessment and remission of the equalizing tax. The $800 tax of 1886 was unnecessarily assessed, and should not be collected.

A *mandamus* will be issued for action consistent with the principles of this decision. The case is recommitted to the justice by whom it was reserved for further proceedings, and for interlocutory and final orders to be made as of last March trial term.

SMITH, J., did not sit: the others concurred.