PICKERING *& a.* v. DE ROCHEMONT *& a.*

Under the act allowing women to vote in school-district meetings (*c.* 46, Laws 1878), the school business of a town school-district cannot be done in an ordinary town-meeting.

A board of education elected at such town-meeting are officers *de facto*, who can warn meetings of the town school-district.

Under Gen. Laws, *c.* 87, *s.* 4, an annual school meeting may be called by a justice when the proper school officers have failed to call the same in a legal manner.

Where the justice's warrant purports to have been issued because the annual meeting "was not legally held," the neglect of the school officers legally to call the meeting may be shown by other evidence.

In a warrant for a school meeting in a town district composed of the whole town, "school-district No. 1 in the town of N." is not an invalid designation of the district.

The election of members of a board of education for terms longer than the statute permits, is a valid election for the statutory term.

PETITION, for a writ of *quo warranto* to determine the title to the office of board of education of the town school-district of Newington, the plaintiffs claiming election thereto at a school-district meeting April 9, 1890. The petition was brought before a single justice under *c.* 42, Laws 1885, and transferred to the law term upon an agreed statement of facts.

May 10, 1874, the town of Newington adopted the provisions of *c.* 8, Laws 1870, entitled "An act enabling towns to abolish school-districts in certain cases." At each annual town-meeting thereafter until 1890 a board of education has been chosen, or the selectmen have been directed to appoint its members. C. M. de Rochemont was elected a member of the board of education by the annual town-meeting in 1887, and Joseph Stopford in the same way in 1888. Both duly qualified. At the annual meeting in 1889 there was no choice. De Rochemont and Stopford performed the duties of the office until March 18, 1890, when Stopford, at the district meeting, verbally resigned his office and has not claimed to act since. On the 28th of February, 1890, de Rochemont and Stopford posted a warrant, calling a meeting of the school-district in Newington on the 19th of March, 1890. After the warrant was posted, the date was changed to the 18th of March. The meeting was held on the 18th of March, and elected a moderator, clerk, and two members of a board of education consisting of Ruby S. Frink and Mary Ellen Coleman, who are two of the persons alleged in this petition to have been deprived by the defendants of their office. Said de Rochemont and Stopford, or either of them, called no other meeting of the school-district, and on the 22d of March, 1890, a petition signed by more than three legal voters in the school-district of Newington was addressed to the plaintiff, Frederick Pickering, a justice of the peace, representing "that the annual meeting of the school-district of said town of Newington for the present year has not been legally held, and they therefore request that a warrant be issued by him for a meeting of the inhabitants of the school-district for the purpose of choosing a moderator, clerk, and board of education consisting of three members, to be chosen for one, two, and three years respectively." Whereupon the justice, on the 25th of March, issued and posted his warrant as follows: "To the inhabitants of school-district No. 1 of the town of Newington, qualified to vote in district affairs. Pursuant to an application in writing of the date of March 22d, 1890, to me, a justice of the peace for said county, by more than three legal voters of said district, by reason that the annual meeting of said school-district was not legally held for the present year, you are hereby notified to meet at the town hall in said district on Wednesday, the 9th day of April, at two of the clock in the afternoon, to act on the following subjects: 1st. To choose a moderator for the ensuing year. 2d. To choose a clerk for the ensuing year. 3d. To choose a board of education consisting of three mem-

bers, to be chosen for one, two, and three years respectively. Given under my hand and seal," etc.

This meeting was held on the 9th of April, and a moderator, clerk, and a board of education, namely, the plaintiff, Frederick Pickering, to serve one year, the plaintiff, Ruby S. Frink, to serve two years, and the plaintiff, Mary E. Coleman, to serve three years, were elected. The plaintiff Pickering, in behalf of the committee, made demand on the defendant de Rochemont for the keys of the school-house and for other school property, but was refused. On the 19th day of April the selectmen of Newington appointed the defendants Sarah F. de Rochemont and Mary S. Hoyt to fill vacancies in the board of education, and they qualified by taking the oath of office. The defendants, de Rochemont and the persons appointed by the selectmen, without the formal objection of any other person than the plaintiff Pickering, have performed all the duties of a board of education, contracted with teachers, and purchased the necessary supplies for the schools. The defendants deny the right of the plaintiffs to the office of board of education of Newington, and claim the right to hold it themselves.

*Frink & Batchelder*, for the petitioners.

*J. Hatch* and *C. Page*, for the defendants.

BLODGETT, J. "Any person, whether male or female, but in all other respects except sex qualified to vote in town affairs, may vote at any school-district meeting in the district in which such person has resided and had a home one month next preceding such meeting." Laws 1878, c. 46. As a consequence, the transaction thereafter of school business at the annual town-meetings in Newington ceased to be valid, and the subsequent election thereat of de Rochemont and Stopford as the board of education was illegal and constituted them officers *de facto* merely. Nevertheless, as such officers, it was their legal right (*Jewell* v. *Gilbert*, 64 N. H. 13, *Prescott* v. *Hayes*, 42 N. H. 56, 58, *Williams* v. *School District*, 21 Pick. 80) as well as their statutory duty (G. L., c. 87, ss. 1 and 2) to call the annual school-meeting of the district by seasonably issuing and posting their warrant therefor "fourteen days at least prior to the day of meeting." They did call a meeting accordingly, to be held on March 19, 1890, but after the warrant was posted, and within fourteen days of the time so appointed, the date of the meeting was changed by one of them to March 18, and the meeting was illegally held on that day, and two of the plaintiffs were elected members of the board of education. They do not, however, claim by virtue of this election, for subsequently, and upon petition of three or more voters of the district, a meeting was called by a justice of the peace, at which all of the plaintiffs were elected as the board of education and took the oath of office.

To the legality of this meeting the defendants make various objections. The first is, that the petition did not set forth any adequate reason for calling the meeting, and that the reason alleged in the warrant is insufficient. The allegation of the petition is, "that the annual meeting of said town of Newington has not been legally held," and this allegation is recited in the warrant; whereas the contention of the defendants is, that the statute (G. L., *c.* 87, *s.* 4) empowers a justice to act only when the proper school officers neglect to call such meeting, and that in this instance they did seasonably call the meeting. But they did not legally call it. An illegal warrant is no warrant within the statutory intendment. The term "warrant," as used in the statute, means a legal warrant; and if school officers upon whom the duty is imposed fail to issue and post such a warrant, it is a neglect to issue the warrant the statute requires, and empowers a justice of the peace to act in their stead. And if the fact of such neglect actually exists, in the absence of statutory requirement that the petition or warrant should recite it, we think it may be shown by evidence *aliunde*. See *Goulding* v. *Clark*, 34 N. H. 148, 159, *Williams* v. *School District*, 21 Pick. 80, *Fletcher* v. *Lincolnville*, 20 Me. 439, *Sherwin* v. *Bugbee*, 16 Vt. 444, Morrison's Town Officer (ed. 1876) 323.

The second objection is, "that the warrant is not addressed to the persons qualified to vote in school affairs in the town of Newington, but is inaccurate and misleading." It is addressed "To the inhabitants of school-district No. 1 of the town of Newington, qualified to vote in district affairs." There being but one district in town, the designation of it as No. 1 is not of controlling importance, even if it be incorrect. There is, however, no evidence that the title or name used is not the correct one, nor does it appear that anybody has been misled by it.

The remaining objection is, that " the warrant and the action of the voters defining the term of office of each member of the board of education, or electing them to a longer term of office than that fixed by statute, was illegal." Assuming that the election of two of the members was for a longer term than the statute permits, their election was valid for the statutory term. The longer includes the shorter term. But the provision as to the manner in which the terms of office of the several members of the board are to be determined (G. L., *c.* 87, *s.* 18) is to be regarded as directory merely.

Holding the meeting called by the justice to be legal, it follows that the defendants are not rightfully in office.

*Petition granted.*

CLARK, J., did not sit: the others concurred.