Strafford,  }
April 1, 1902. }

### SMITH & a. v. SWAIN & a.

The statute requiring school-district clerks to deliver to the selectmen an attested copy of every vote of the district to raise money, within ten days after the meeting, is directory and not mandatory in respect of time.

The legality of a tax voted by a school district is not affected by the failure of the clerk to furnish a certificate thereof until the expiration of six days beyond the statutory period; and if selectmen fail to seasonably assess a tax after such vote has been certified to them, *mandamus* lies to enforce performance of that duty.

PETITION for *mandamus*, against the defendants as selectmen of the town of Barrington, to compel them to assess a tax of $1,000 for building a schoolhouse in that town, agreeably to a vote of the town school-district, at a meeting holden March 12, 1901, and certified to the defendants on March 28 of the same year. Transferred from the September term, 1901, of the superior court by *Wallace*, C. J.

The defendants demurred to the petition because, in the certification of the vote, " the clerk of said district failed to perform his duties as required by law." The demurrer was overruled, subject to exception.

*John S. H. Frink* and *Arthur G. Whittemore*, for the plaintiffs.

*John Kivel* and *George E. Cochrane*, for the defendants.

BLODGETT, C. J. We think the statute (P. S., *c.* 90, *s.* 18) requiring school-district clerks to deliver to the selectmen of the town an attested copy of every vote of the district to raise money, within ten days after the meeting, is directory and not mandatory in respect of time. *Johnson* v. *Dole*, 3 N. H. 328, 329, 330; *Hayes* v. *Hanson*, 12 N. H. 284, 290; *Allen* v. *Bruce*, 12 N. H. 418, 422, 424; *Wells* v. *Burbank*, 17 N. H. 393, 406; *Hughes* v. *Parker*, 20 N. H. 58, 71; *Smith* v. *Bradley*, 20 N. H. 117, 120; *Scammon* v. *Scammon*, 28 N. H. 419, 431, 432; *Orford* v. *Benton*, 36 N. H. 395, 403; *Converse* v. *Porter*, 45 N. H. 385, 389; *Nashua Ins. Co.* v. *Moore*, 55 N. H. 48, 54; *School District* v. *Carr*, 63 N. H. 201, 205, 206; *School District* v. *Greenfield*, 64 N. H. 84, 85; *Boody* v. *Watson*, 64 N. H. 162, 182, 183; *Pickering* v. *De Rochemont*, 66 N. H. 377, 380.

With this construction of the time limitation, which seems to have been established rather for the purpose of defining the clerk's duties than as a step necessarily precedent to the validity of his certification, we are of the opinion that the legality of the tax voted by the district is not affected by the failure of the clerk to certify it to the defendants until the expiration of six days beyond the statutory period, and that the defendants were not thereby excused from assessing the tax by virtue of section 2, chapter 59, Public Statutes, providing that "the selectmen shall seasonably assess . . . all school, schoolhouse, and village-district taxes authorized by law or by vote of any school or village district duly certified to them." Whether the vote has been "duly certified" to the defendants, was not for them to determine. Their only duty was to make the assessment seasonably, and this they have failed to do.

In principle, this case is not distinguishable from *School District* v. *Carr*, *supra*, in which it was held that "it is not the duty or right of selectmen to inquire into the legality of the vote of a school district to raise money; but when such vote is certified to them by the district clerk, they should assess the tax, and a *mandamus* lies to enforce performance of that duty."

*Exception overruled.*

All concurred.