Merrimack, }
June 25, 1920. }

### Jacob Conn *v.* Manchester Amusement Company.

Acts of the legislature of Massachusetts (Laws 1903, c. 437; Laws 1917, c. 157) dissolving a corporation, but providing that the corporation shall "be continued . . . for three years . . . for the purpose of . . . enabling it gradually to settle and close its affairs, to dispose of and convey its property," do not invalidate a lease of premises in this state to such corporation by the terms of which the lessee was given an option to purchase.

An employee of the lessee of leased premises cannot recover against the lessor for defects therein, except in the right of the lessee.

A covenant by a lessee to carry indemnity insurance covering his liability under the lease to save the "lessor harmless from any liability by reason of personal injuries to any person or persons on or about the said premises" is not broken if the lessee procure insurance against liability for such injuries to everyone except the lessee's employees.

A release from liability for injuries that may be caused the releasor by the future misconduct of the releasee is illegal.

Writ of Entry. Trial by jury. The plaintiff leased the Star theater to the defendant, a Massachusetts corporation, in October, 1915, for the term of five years. The legislature of Massachusetts repealed its charter in March, 1917, but continued it as a body corporate for three years for the purpose of "enabling it gradually to settle and close up its affairs." The other facts are stated in the opinion.

Transferred from the October term, 1919, of the superior court by *Branch, J.*, on the plaintiff's exception to a directed verdict.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*John M. Stark* and *Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

Young, J. The plaintiff's contention that he is entitled to the immediate possession of the leased property because of the act of the Massachusetts legislature (Laws 1917, *c.* 157, *s.* 1) is based on the proposition that that act dissolved the defendant corporation. This contention, therefore, has no foundation to rest on for the act provides that it shall continue as a body corporate for three years to enable it to close up its affairs. This act, therefore, instead of invalidating the lease gave the defendant three years in which to dispose of it, and while it is probably true that the defendant could not sell the lease, it can purchase the leased property under the option contained in the sixth clause and then dispose of it in any way it sees fit. In short, if it is assumed, as the plaintiff contends, that it is illegal for the defendant to carry on the moving picture business, it comes to nothing in so far as his rights are concerned, for the repealing act neither gives nor was intended to give him any rights in or to the leased property he would not have had if that act had not been passed; and while that act may have taken from the defendant the right to carry on its ordinary business, it did not relieve it or its property from liability to perform all of its legal obligations, including its obligations to the plaintiff. The plaintiff, therefore, cannot maintain this suit unless he shows that the defendant has failed to comply with the provisions of the lease. He contends that it has failed to comply with the provisions of the fourth clause, in respect to carrying liability insurance. By this clause the defendant agrees that "it will save the said lessor harmless from any liability by reason of personal injuries to any person or persons on or about the said premises; and that it will carry indemnity insurance as against the said liability in a sum not less than Five Thousand dollars." The defendant procured a policy insuring it in that sum against such liability as to everyone except its own employees, but the plaintiff contends that this is not the policy the lease calls for, because it (1) does not insure him against liability, and (2) does not cover liability for injuries to the defendant's employees.

It is enough in so far as the plaintiff's first contention is concerned to say that the defendant did not agree to insure the plaintiff. What it did agree to do was to save him harmless from liability for personal

injuries to any person or persons on or about the leased premises, and that it would insure itself against such liability. When this language is read in the light of the surrounding circumstances it is clear that the risks the parties had in mind at the time they made the lease were those for which the plaintiff might be liable, for the obvious office of the insurance clause, or reason for inserting it in the lease, was not to protect the defendant, but to enable it to perform its agreement to save the plaintiff harmless. Now one of the defendant's employees cannot maintain an action against the plaintiff to recover for personal injury caused by a defect in the leased premises, except in the right of the defendant, his employer. That is, he cannot maintain a suit against the plaintiff except in a case in which the defendant could recover from the plaintiff what it was compelled to pay its employee, if he (the employee) had sued it, instead of suing the plaintiff.

Since this is so, it must be held either that the defendant did not agree to save the plaintiff harmless in so far as liability to its employees is concerned, or that, if it did, the agreement is illegal; for notwithstanding it is permissible for me to insure you against liability to others for injuries caused by your future misconduct, it is not permissible for me to agree to release you from liability to me for injuries caused by such misconduct.

*Exception overruled.*

All concurred.