Grafton,
June 4, 1946. } No. 3574.

Mary G. Lewellyn v. George W. Follansbee.

*Carr & Gifford* (by brief), for the plaintiff.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

KENISON, J. The assessment of the damages by the Court, without a jury or further notice to the defaulting party, was one of the discretionary methods sanctioned by our procedure. "To the three modes of assessing damages upon default enumerated by Judge *Bell* may be added a fourth; namely, where the assessment is made by the judge upon oral evidence produced before him in court. In such cases, of course, there would be no evidence to be filed, and it is therefore important that the docket or record should show the fact that the assessment was made upon oral testimony produced before the court." *Collins* v. *Walker*, 55 N. H. 437, 438. The pertinent statute (R. L., c. 390, s. 1) has been construed to require a jury trial when "either party makes application to the court for such a hearing" (*West* v. *Whitney*, 26 N. H. 314, 315) or "on motion of either party" (*McIntire* v. *Randolph*, 50 N. H. 94, 102), providing the request is made in due time (*Price* v. *Dearborn*, 34 N. H. 481, 487) and is not otherwise waived. See *Redlon Co.* v. *Corporation*, 91 N. H. 502, 506. The facts in this case differ from the *Collins* case, *supra*, 439, where the default judgment was vacated because entered "without any assessment of said damages by a jury, by the court, or in any way by order of, or under or by direction of, the court."

Neither the statutes nor the rules of the Superior Court require notice to a defendant in default for lack of appearance of the assessment of damages. R. L., c. 390, s. 1; Rule 6, 78 N. H. 690; Rule 8, 93 N. H. Appendix. "Where a defendant has been defaulted after he has made an appearance in the action, it is generally necessary to notify him of the hearing to make the necessary proof and assess the damages. But a defendant in default for lack of appearance is not entitled to notice of application for a judgment or the hearing to assess damages." 3 Freeman, Judgments (5th *ed.*) s. 1291. *Cf. Governor and Council* v. *Morey*, 78 N. H. 125, 130; *Hutchinson* v. *Railway*, 73 N. H. 271; *United &c. Ins. Co.* v. *Corporation*, 82 N. H. 321, 323.

114

It is contended that there has been an abuse of discretion by the Superior Court in refusing to strike off the default which is permitted by R. L., c. 390, s. 2 "at the discretion of the court or justice" and by Rule 8 of the Superior Court. 93 N. H. Appendix. Competing considerations are involved in such a determination. It is important that cases be decided on their merits, that a party have his day in court and that rules of practice and procedure shall be tools in aid of the promotion of justice rather than barriers and traps for its denial. It is likewise important that litigation be concluded finally and with reasonable dispatch and that the dilatory shall not be rewarded at the expense of the diligent. These considerations are necessarily encompassed within the touchstone of our practice—as justice may require. In view of the findings of the Court that the default was due solely to the defendant's neglect and that he had no reasonable ground for expecting notification of the hearing to assess damages by anyone, we cannot say as a matter of law that there has been an abuse of discretion in refusing to strike off the default judgment. *Lancaster Nat. Bank v. Trust Co.*, 92 N. H. 337, 339; Restatement, Judgments, s. 129, comment a; *Woodsville Fire District v. Cray*, 88 N. H. 264.

*Judgment on the verdict.*

MARBLE, C. J., was absent: the others concurred.