FLORENCE M. KENRICK HACKETT, *Individually and as Trustee*

*v.*

BOSTON & MAINE RAILROAD

and CONCORD & PORTSMOUTH RAILROAD.

*Charles F. Hartnett* (by brief and orally), for the plaintiff.

*McLane, Davis, Carleton & Graf* (*Mr. Carleton* orally), for the defendants.

KENISON, J. As stated by the defendants, "the fundamental issue is whether or not the petitioners, as former minority stockholders in the Concord and Portsmouth Railroad, are entitled on their petition to an appraisal of their stock under R. L., c. 296, s. 25, *et seq.*" While the statute provides that "the corporation . . . may apply by petition," it has been construed as also allowing the dissenting stockholder the same privilege. "A stockholder in a railroad thus dissenting may by petition to the Superior Court seek a determination of the value of his 'stock, interest or property right taken' P. L., c. 246, s. 25." *Perkins* v. *Company*, 90 N. H. 534, 536. This construction of the Public Laws is controlling today since the statute was reenacted without change in the Revised Laws. *Gauthier* v. *Gosselin*, 94 N. H. 496.

The argument that the *Perkins* case, *supra*, should be overruled has been considered but is rejected. Not only did the Legislature reenact the statute without change but it has evidenced no purpose to restrict the remedies of railroad stockholders in subsequent legislation. R. L., c. 289, s. 27 as amended by Laws 1943, c. 82. With statutory exceptions not material here, it has been long established in this state that one's rights will be protected by some remedy. *Edes* v. *Boardman*, 58 N. H. 580, 590. Procedure and form will yield to substance and emphasis will be placed on the simple merits of the controversy rather than the form of the pleadings in which they may be presented. *Walker* v. *Walker*, 63 N. H. 321; *Lewellyn* v. *Follansbee*,

94 N. H. 111, 114; *Eastman* v. *Waisman,* 94 N. H. 253, 254. Whatever plaintiff's rights may be, she is entitled to her day in court and R. L., *c.* 296, *ss.* 25, 26 as construed in the *Perkins* case provides the necessary remedy. Aside from the doctrine of *stare decisis,* we are not moved to reexamine the merits of a decision which allows a procedural remedy when the Legislature has not directly or indirectly attempted to change it and has in some degree reaffirmed it by reenactment. The demurrer of the defendant, Boston and Maine Railroad, is overruled.

The motion to dismiss by the Concord and Portsmouth Railroad should be granted. Plaintiff's rights will not be affected thereby since it appears that the sale and transfer to the Boston and Maine Railroad is made subject to the rights of dissenting stockholders of the Concord and Portsmouth Railroad. If such stockholders should obtain greater appraisals of their shares, "the Boston and Maine will pay such appraised value though it exceeds $50 per share" 26 N. H. P. S. C. 234, 236 (1944). Accordingly it is unnecessary to decide whether this jurisdiction is committed to the common law rule that corporate dissolution is corporate death or the trust fund doctrine that the assets of the dissolved corporation constitute a trust fund for the benefit of creditors and stockholders. See, *District* v. *Greenfield,* 64 N. H. 84; *Conn* v. *Company,* 79 N. H. 450; *Blake* v. *Railroad,* 39 N. H. 435, 47 A. L. R. 1288; 97 A. L. R. 477.

Plaintiff's motion under R. L., *c.* 296, *s.* 25, or its equivalent may be allowed by the Superior Court.

*Case discharged.*

DUNCAN, J. did not sit: the others concurred.