Rockingham,
No. 4828.

Massachusetts Bonding and Insurance Company

*v.*

Christine G. Nudd.

Argued September 7, 1960.

Decided October 4, 1960.

2

*Russell H. McGuirk* and *Robert Shaw* (*Mr. Shaw* orally), for the plaintiff.

*Broderick, Manning & Sullivan* (*Mr. Broderick* orally), for the defendant.

LAMPRON, J. "As a general rule, notice and an opportunity to be heard are basic essentials of a judicial proceeding." *DiPietro* v. *Lavigne,* 98 N. H. 294, 295. Also "it is important that cases be decided on their merits, that a party have his day in court . . . It is likewise important that litigation be concluded finally and with reasonable dispatch and that the dilatory shall not be rewarded at the expense of the diligent." *Lewellyn* v. *Follansbee,* 94 N. H. 111, 114. However the application of these well known principles to a particular set of facts often presents difficulties as is the case here.

It is admitted that a copy of the writ by which the instant action was instituted was served on the defendant on September 27, 1957, in accordance with the requirements of RSA ch. 510. However it has been alleged by the defendant in her affidavit of defense filed with her motion to strike off her default that the copy of the writ served on her contained neither specifications nor a special declaration. She further alleges that when the original writ was entered in court there was attached thereto and made a part thereof a special declaration containing a plea of case based on an agreement between the parties relative to the posting of a bond by the plaintiff for her in the conservatorship of her brother Charles. This writ contained the usual return by the sheriff that he had summoned the defendant by giving her in hand a true and attested copy thereof. RSA 510:2. We find no denial by the plaintiff of these allegations in the record before us.

Rule 17 of the Superior Court (99 N. H. 609, 610) provides that in actions upon special declaration "where the writ does not con-

tain a special declaration at the time of service, such writs will not be accepted for entry unless a motion to amend, containing the special declaration, accompanies the writ with a return of plaintiff's attorney that a copy of the motion has been mailed or delivered to defendant or counsel for defendant." The record discloses no such motion but does contain the letter written on September 27, 1957, by plaintiff's counsel to the attorney for the defendant bearing the same date as that of the writ which conveyed the following information. "On Wednesday, I conferred with the Massachusetts Bonding & Insurance Company who had received from George Scammon [attorney for the estate of Charles Nudd] an execution demanding payment in full. This execution is for $1200 and some dollars . . . I can see no alternative but that the Bonding Company will have to pay to the administrator the full amount of the execution . . . I have this date brought suit against Christine Nudd and made a real estate attachment to secure any judgment obtained."

Defendant herself received notice that an action was being instituted against her by the service of a writ on her. Notice of the nature of the action thereby commenced was communicated by letter to counsel who had been representing her in a related matter and to whom she brought the writ. We are of the opinion that defendant's contention that she was deprived of her constitutional rights in these proceedings is without merit. Const., Pt. I, *Art.* 15th; *United &c. Insurance Co.* v. *Corporation*, 82 N. H. 321, 323; *Lewellyn* v. *Follansbee*, 94 N. H. 111, 113; 1 Merrill on Notice, *s. 522, p.* 518.

Defendant's motion to strike off the default was addressed to the discretion of the Judge to whom it was presented. RSA 514:2. On the record we cannot say as a matter of law that he abused his discretion in denying it. *Lewellyn* v. *Follansbee, supra.* However, it does not appear that the Judge who entered the default was aware of the fact that the special declaration was attached to the original writ between the time of service of a copy on the defendant and its entry in court. See Rule 17, 99 N. H. 609. This could be a material factor in the disposition of defendant's motion to strike off her default and for permission to present a defense on the merits. *Clark* v. *Bradstreet*, 99 N. H. 55, 58. This motion was not decided by the Judge who entered the default and assessed the damages. Whether the latter Judge would have taken any different action if he had known the facts pertaining to the declaration is unknown.

Because the effect of this factor in the over-all result reached cannot be determined we consider that justice requires that opportunity be afforded for findings on the issue. Accordingly leave is granted to the defendant to apply for such findings. *Johnson* v. *Shaw,* 101 N. H. 182, 189.

*Exception overruled nisi.*

All concurred.