Rockingham
No. 78-188

CLIFFORD BAILLARGEON

v.

BRODHEAD FORD SALES, INC.
AND
DOVER FORD, INC.

November 15, 1978

*Flynn, McGuirk & Blanchard*, of Portsmouth (*Raymond P. Blanchard* orally), for the plaintiff.

*Boynton, Waldron, Dill & Aeschliman*, of Portsmouth (*Richard E. Dill* orally), for the defendants.

### MEMORANDUM

On March 2, 1973, Dover Ford, Inc. [hereinafter Dover], purchased the assets of Brodhead Ford Sales [hereinafter Brodhead], and notified all disclosed creditors of Brodhead that it had purchased Brodhead's assets. The notice and list of creditors' names supplied did not include the plaintiff. The plaintiff instituted suit in June 1973 to recover in assumpsit for a breach of contract. Service was made on Brodhead and one "Bob Brodeur, person in apparent charge" of Dover. Brodhead was in fact the business manager of Dover at the time. An attorney, apparently intending to enter an appearance on behalf of Brodhead, entered an appearance which was interpreted by the superior court as being on behalf of both corporate

defendants. Two-and-one-half years later that attorney withdrew for Brodhead only. Because no one appeared for either Brodhead or Dover at a subsequent pretrial call of the list, default judgments were entered against them. Plaintiff filed an affidavit of damages, and damages of $3,300 were assessed. Dover's motion to strike the default was denied by the superior court, and its exception was transferred here by *Bean, J.*

We note that but for the fact that the appearance originally filed by Brodhead's attorney was assumed by court personnel to be filed on behalf of Dover also, the latter would have been defaulted in 1973 rather than in 1976.

Upon a review of the file and exhibits we find no abuse of discretion by the trial court. *See Lewellyn v. Follansbee*, 94 N.H. 111, 47 A.2d 572 (1946); Superior Court Rule 14.

*Exceptions overruled.*