Coos
No. 79-035

RAYMOND G. D'AGINCOURT

v.

ANDERSON FOREIGN MOTORS, INC.

June 20, 1979

*Hinkley & Donovan*, of Lancaster (*Walter D. Hinkley* orally), for the plaintiff.

*Myers & Brown*, of Concord (*Howard B. Myers* orally), for the defendant.

GRIMES, J. The issue in this action in debt is whether the trial court's denial of defendant's motion to vacate and strike the default judgment against it constituted an abuse of discretion and denied defendant due process of law. We answer both questions in the negative and uphold the decision of the trial court.

On December 7, 1977, plaintiff brought suit against defendant, a foreign corporation, by service on the secretary of state in compliance with RSA 300:12. The secretary mailed a copy of the writ to the defendant at 394 Washington Street, Woburn, Massachusetts, the address furnished by the plaintiff. Compliance with RSA 300:12 is not disputed. The writ was duly returned on the first Tuesday in January 1978. Defendant failed to appear, and on February 7, 1978, a default judgment was entered against it in the amount of $16,123.47, the amount supported by plaintiff's affidavit of damages. On March 6, 1978, defendant filed a motion to vacate the judgment and strike the default. Following a hearing, the motion was denied and defendant's exception was transferred by *Cann*, J.

Plaintiff's writ alleges that he purchased a 1976 Jaguar from defendant in December 1976 for a total price of $15,331; that it was represented to be new and free from defects; that the vehicle was for one reason or another not useable as a means of transportation because of the necessity to return it to defendant and other garages for transmission, engine and other problems; that on November 19, 1977, he rescinded the sale and returned the car to the defendant at its place of business in Woburn; and that as a result he suffered damages in the sum of $17,000.

Defendant's motion to vacate the judgment and strike the default alleges that on October 1, 1977, its assets were sold to a new corporation, 128 Imported Car Company, Inc. (hereinafter 128 Imported Car); that it was left unsettled which party would be responsible for dealing with consumer claims regarding defects in Jaguars; that one Ross Anderson, defendant's chief operating officer, had little or nothing to do with the business carried on in Woburn after October 5, 1977; and that after October 1, 1977, all mail relating to Anderson Foreign Motors, Inc., was to be forwarded to Ross Anderson at his home in Andover, Massachusetts. Defendant further alleged that it, through its president, Ross Anderson, first became aware of the present suit on February 3, 1978, while Anderson was discussing with 128 Imported Car which corporation would be responsible for what claims; that its Massachusetts counsel was furnished the writ on February 6, 1978, but was unable to proceed because of a blizzard which paralyzed the Boston area; that on February 14, 1978, New Hampshire counsel was contacted; and that on February 17, 1978, New Hampshire counsel wrote the clerk of court, stating that a motion would be filed. The motion states that "[d]efendant has a *good and valid defense* to the within action." (Emphasis added.)

Superior Court Rule 14, RSA 491:App. R. 14 (Cum. Supp. 1978), in pertinent part provides:

> N[o] . . . default shall be stricken off, except by agreement, or by order of the Court . . . upon motion and affidavit of defense, specifically setting forth the defenses and the facts on which the defense is based.

The motion in the present case was supported by an affidavit of Ross Anderson, but the motion and affidavit do not specifically set forth defendant's alleged "good and valid defense" or the facts upon which it is based. The hearing on the motion was held on May 2, 1978, but no further affidavit was filed. On the record before us the defendant has not to this date specified a defense by affidavit. No transcript was made of the hearing on the motion, but we are informed by counsel that the hearing consisted mainly of arguments, the only evidence produced being a newspaper advertisement from the *Boston Globe* of April 30, 1978, over the name of Anderson Foreign Motors, Inc., 394 Washington St., Woburn. It has been suggested that defendant allowed 128 Imported Car, to continue to conduct business under defendant's name.

■■ Defendant concedes, as it must, that deciding whether to vacate a judgment and strike a default is a matter within the trial court's discretion which will not be disturbed unless it clearly appears there was an abuse of discretion. *See Baillargeon v. Brodhead Ford Sales, Inc.*, 118 N.H. 790, 791, 394 A.2d 325, 326 (1978); *Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966). We will not substitute our judgment for that of the trial court, and based on the facts before us we cannot say that there was an abuse of discretion. *Baillargeon v. Brodhead Ford Sales, Inc. supra.*

■ Even if Ross Anderson did not receive actual notice of the suit until after the default, the writ was nevertheless received at the place where business was still being operated in the defendant's name by a business with which Anderson still maintained some relationship. If an arrangement had been made for mail addressed to defendant to be forwarded to Anderson at his home in Andover, it was an arrangement that defendant had set up for the conduct of its business.

There was apparently some uncertainty concerning which corporation was to be responsible for what claims. Defendant's motion indicates that 128 Imported Car initially forwarded plaintiff's claim to its attorneys and that it was when these claims were later returned to 128 Imported Car, when their counsel withdrew, that Anderson became aware of plaintiff's claim. The trial court was entitled to conclude that 128 Imported Car was at least acting as agent for the defendant with regard to his mail and that its knowledge should be imputed to defendant. The court was also entitled to find that defendant's failure to receive the writ on time was due to its own neglect and the manner in which it chose to conduct its business. *See Lewellyn v. Follansbee*, 94 N.H. 111, 47 A.2d 572 (1946).

We cannot say on the basis of what is before us that the trial court abused its discretion, *Baillargeon v. Brodhead Ford Sales, Inc.*, 118 N.H. 790, 394 A.2d 325 (1978), or that there was any denial of due process. *See Massachusetts Bonding and Insurance Co. v. Nudd*, 103 N.H. 1, 164 A.2d 242 (1960).

*Exception overruled.*

All concurred.