Hillsborough
Nos. 79-344
    79-345
    80-210

ALBERT L. BERLINGUETTE *& a.*

v.

CHARLES R. STANTON, MAYOR
CITY OF MANCHESTER *& a.*

HAMPSHIRE HARBOR, INC.

v.

AMOSKEAG SAVINGS BANK

December 3, 1980

*Edward L. Minnich, Jr.*, of Plaistow, by brief and orally, for the plaintiffs Berlinguette, Pagliarullo and Stangikas.

*Bussiere & McHugh*, of Manchester (*Kenneth R. McHugh* orally), for the plaintiff Hampshire Harbor, Inc.

*Elmer T. Bourque*, of Manchester, city solicitor (*Thomas R. Clark* orally), for defendant Charles R. Stanton, Mayor.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* orally), for defendant Amoskeag Savings Bank.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for defendants City of Manchester and Amoskeag Savings Bank.

DOUGLAS, J. The issue raised by these consolidated cases is whether the plaintiffs' complaints state a cause of action upon which relief may be granted. As to the City of Manchester and the Amoskeag Savings Bank, we hold that they do; as to Mayor Stanton, we hold that they do not.

The plaintiffs are businessmen who operate small shops on Manchester Street in Manchester. Around the beginning of March 1978, the defendant Amoskeag Savings Bank applied to the City of Manchester for permits to demolish a building on the northeast corner of Elm and Manchester Streets. The city issued permits, and the bank began to tear down the building. Shortly after the work began, the city determined that the demolition created an unsafe condition and closed Manchester and Elm Streets in that area to vehicular traffic for about thirteen weeks.

Claiming that the demolition work caused them to lose business, the plaintiffs Berlinguette, Pagliarullo and Stangikas filed a bill in equity for an injunction and damages against Charles Stanton, in his capacity as mayor of Manchester, and Amoskeag Savings Bank. *Flynn*, J., granted the defendants' motions to dismiss because the injunction question was mooted by the end of the demolition and because the plaintiffs had an adequate remedy at law. He later gave the plaintiffs time to file a reserved case. Then the plaintiffs brought new actions at law against the City of Manchester and the Amoskeag Savings Bank. *Contas*, J., granted the defendants' motions to dismiss the new complaints on the ground that they failed to state a cause of action.

Hampshire Harbor, Inc., also brought an action for damages caused by the demolition against Amoskeag Savings Bank, which filed a motion to dismiss. Because of the similarity of the issues to those in the Berlinguette case, *Pappagianis*, J., transferred the question without ruling to this court. All cases were consolidated for oral argument on the question whether the complaints state a cause of action upon which relief may be granted.

■ Pleadings are an indispensable tool. They should be "simple, concise and indicate the theory on which the plaintiff is proceeding so that the opposing party can adequately defend." *Morency v. Plourde*, 96 N.H. 344, 345–46, 76 A.2d 791, 792 (1950). In this jurisdiction, pleadings are treated liberally. "[E]mphasis will be placed on the simple merits of the controversy rather than the form of the pleadings in which they may be presented." *Hackett v. Railroad*, 95 N.H. 45, 46, 57 A.2d 266, 267 (1948). If counsel can understand the dispute and the court can decide the controversy on its merits, the pleadings are adequate. *Morency v. Plourde, supra* at 346, 76 A.2d at 792.

■ The Berlinguette complaint against the City of Manchester alleges that the granting of a demolition license constituted a taking of property by a public authority for a private purpose. Although the complaint is not artful, we disagree with the defendant city that it states no cause of action. The plaintiffs contend that the permit should have required the bank to conduct the demolition in such a way that it would not have required the city to close the street during business hours. We have repeatedly held that an owner of land abutting a public street or highway "has a private right of access in that street or highway, which includes not only the right to go to and from the land but also the right to have the premises accessible to others." *Capitol Plumbing*

*& Heating Supply Co. v. State,* 116 N.H. 513, 514, 363 A.2d 199, 200 (1976); *Tilton v. Sharpe,* 84 N.H. 43, 146 A. 159 (1929); *Cram v. Laconia,* 71 N.H. 41, 51 A. 635 (1901). In *Capitol Plumbing & Heating Supply Co. v. State, supra* at 515, 363 A.2d at 201, we noted that a landowner who suffered a temporary loss of access for three and one-half years was entitled to damages even though there was loss only of the legal access, not of actual access. Because the complaint states a cause of action, we remand the case to the trial court for a determination of whether the plaintiffs are entitled to damages for a temporary loss of access for three months.

■ We agree that the allegations of duty, breach and harm in the Berlinguette negligence complaint against Amoskeag Savings Bank are ambiguous. But the complaint states the pertinent acts which should enable the bank to deduce the specific duty owed, how it was breached, and the damage done. In essence the plaintiffs argue that it was the bank's negligence in demolishing the building that required the city to close the streets and ultimately caused the plaintiffs to lose business. Since the basis of the dispute is comprehensible, we reverse the trial court's dismissal and remand the case for a trial on the merits. We also note that the Hampshire Harbor negligence complaint against Amoskeag Savings Bank states a cause of action and remand for trial.

■ We uphold the granting of the motion to dismiss with respect to Charles Stanton, mayor of Manchester. In their bill in equity, the plaintiffs prayed that the court appoint the mayor trustee "to see to Plaintiffs' compensation from the Bank." The plaintiffs argued that the city had assumed a trust relationship with respect to the plaintiffs' rights of access to their property when it issued the demolition license to the bank. In support of this novel argument the plaintiffs relied on the decision of the Court of Appeals for the First Circuit in *Joint Tribal Council of Passamaquoddy Tribe v. Morton,* 528 F.2d 370 (1st Cir. 1975). We find that case inapposite because the First Circuit court's decision in that case was grounded exclusively on a federal statute. *Id.* at 379. There is no similar statute or agreement in New Hampshire.

■ In remanding these cases for a trial on the merits, we stress the importance of the idea that a party is entitled to his day in court. Although we agree with the defendants' assertions that the pleadings were inadequate, we cannot uphold the granting of the

motions to dismiss with respect to the City of Manchester and the Amoskeag Savings Bank. The New Hampshire practice, at least since the time of Chief Justice Charles Doe, has been that pleadings are tools that should aid in the promotion of justice, not deny it. *Lewellyn v. Follansbee*, 94 N.H. 111, 114, 47 A.2d 572, 573 (1946); J. REID, CHIEF JUSTICE: THE JUDICIAL WORLD OF CHARLES DOE 93-108 (1967); Note, *Doe of New Hampshire: Reflections on a Nineteenth Century Judge*, 63 HARV. L. REV. 513 (1950). "It is probably no exaggeration to say that in no state is pleading treated more liberally and regarded as less of a game than in this jurisdiction." *Morency v. Plourde*, 96 N.H. at 346, 76 A.2d at 792.

Although the present claim of three of the four plaintiffs was clarified only during oral argument, the pleadings should be amended below to make clear to all concerned what the claims of the plaintiffs apparently are.

*Remanded.*

All concurred.