Merrimack, }
May, 4, 1926. }

UNITED LIFE & ACCIDENT INSURANCE COMPANY *v.* NORTH
ATLANTIC SECURITIES CORPORATION & a.

The plaintiff in a bill of interpleader has an interest in the question whether the court has jurisdiction of the parties defendant, in order that the decree may have all the attributes of a judicial determination.

An amendment joining an additional party defendant in interpleader proceedings without notice to the other defendants is unobjectionable when the new party claims under a party already in.

Parties defendant in interpleader proceedings who do not appear in response to the original notice are not entitled to notice of subsequent proceedings in the case.

BILL OF INTERPLEADER, alleging the existence of a controversy between the defendants relative to the transfer of certain certificates of the plaintiff's stock, in which the plaintiff had no interest, and asking that the defendants be required to litigate their conflicting claims.

The bill was filed July 11, 1925, and a special order of notice by publication and registered mail was made and complied with. The North Atlantic Securities Corporation, Will C. Hogg of Houston, Texas, and 147 stockholders were named as defendants. On July 20, 1925, the plaintiff moved that Robert H. Angell of Roanoke, Virginia, be made a party defendant,. and this motion was granted. No notice of the motion or joinder was given the other defendants.

The North Atlantic Securities Corporation, Angell, and 54 stockholders appeared and answered. The court held that the bill was properly brought and ordered the defendants who had appeared to interplead. On January 4, 1926, the North Atlantic Securities Corporation and Angell moved that decrees be entered confirming their respective claims to the shares standing on the plaintiff's records in the names of the stockholders who had not appeared. The plaintiff's request for leave to object to the allowance of this motion until after notice should be given to all the defendants whose stock and dividends were affected thereby was denied subject to exception.

On January 5, 1926, the court entered a decree defaulting all those defendants who had not appeared, and enjoining them from thereafter making any demand upon the plaintiff on account of the stock in question. The North Atlantic Securities Corporation and Angell were declared to be the owners of the stock and accrued dividends. To this decree the plaintiff excepted. Transferred by *Branch*, C. J. .

*Allen Hollis* and *Donald Knowlton*, for the plaintiff.

*Edward C. Niles*, for the North Atlantic Securities Corporation.

*Robert W. Upton*, for Angell.

MARBLE, J. The rule that the plaintiff in a bill of interpleader has no interest beyond obtaining a decree that the bill has been properly filed (*Barrett* v. *Cady*, 78 N. H. 60, 63; *Farley* v. *Blood*, 30 N. H. 354, 363, 364) presupposes that the court has jurisdiction

of the contending claimants. It is a fundamental principle of law that every person has a right to insist that a judgment or decree to which he is a party shall have all the attributes of a judicial determination.

The defendants' contention that after the decree the plaintiff had no standing to object need not be considered, since the question transferred must in any event be decided in the defendants' favor.

The allowance of the amendment joining Angell as a party defendant was unobjectionable. *Remick* v. *Company*, ante, 182, and cases cited.

The fact that the defaulted defendants had no notice of Angell's claim is not material. By their failure to appear they renounced all interest in the stock themselves and were not concerned as to who the real owner might be. The sole question involved was whether or not the various transfers had been procured by fraud on the part of the North Atlantic Securities Corporation. The determination of that question was conclusive of Angell's rights, since his title was derived from that corporation.

Legal notice of the original proceedings was given to all defendants named in the bill. "Those who appeared in response to that notice were sufficiently informed concerning the future course of the litigation, and those who did not appear were not entitled to such information." *Governor & Council* v. *Morey*, 78 N. H. 125, 130.

*Exceptions overruled.*

BRANCH, J., did not sit: the others concurred.