Strafford,
June 6, 1939. } No. 3092.

OLIVINE BISSON & a., *Ex'rs*

*v.*

LUDGER GOSSELIN & a.

*Cooper & Hall*, by brief, for the plaintiffs.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Hartnett* orally), for various nephews other than Arthur Bisson.

*Per Curiam.* The essential issue of construction is whether the will effectually disposes of the part of the residue not left to the nieces Anna and Olivine, and if so, whether all the nephews take it or whether it is left to Arthur Bisson as the only nephew anywhere named in the will.

A construction of the residuary clause by which the word "nephew" is read as though it were in the plural instead of the singular, is considered not to accord with the expressed purpose of the testatrix. It would amount to a conjectural, if plausible, conclusion. The testatrix is shown to have had no reason to favor her nephews as a class and at the same time ignore her nieces as a class. It is concluded that a finding of purpose to exclude all except two of the nieces from sharing in the residue and at the same time to include each and every nephew, has no reasonable evidence to support it. As between her nieces and nephews in general, she held the nieces in as great if not greater regard. Furthermore, the limited amount of the residuary estate with a division of it among a large number would result in so slight benefit for each one as to add to the improbability of such a purpose.

Nor is a construction to be adopted that the testatrix had in mind a particular nephew but the will through inadvertence omitted to name him, with a result that she died intestate as to one-third of the residue.

Examination of the will in its entirety and in the light of the pertinent surrounding circumstances leads to a satisfactory conclusion that the testatrix had in mind and designated the nephew already named in the will as a special legatee. She manifested her

favor for him by making him the only one among her large number of nephews to be given a special legacy, and it was not necessary to restate his name in the residuary clause to show that he was the nephew in mind. In contrast, it was necessary to name the two nieces sharing in the residue. They had not been previously named or referred to. A slight rearrangement and rephrasing of the clause bears out this probability of specific reference. If the wording were "to my nieces (naming them) and my said nephew", the meaning would be too clear to be doubtful. The language used is subject to rhetorical criticism in its confusion and infelicity of expression, but the intent expressed thereby, with consideration given to the context and circumstances of relevant bearing is reasonably manifest. The will is properly read as though this nephew's name appeared in the residuary clause. Although not thus named, he is adequately designated.

The proceeding is similar to that of a bill of interpleader, as to which "The issue presented by the plaintiff . . . is the existence of facts which give him the right to require the parties made defendants to interplead and settle the controversy between themselves" (*Barrett* v. *Cady*, 78 N. H. 60, 63). The only personal interest the plaintiff has is for the decree to be a valid judgment. *United &c. Company* v. *Corporation*, 82 N. H. 321. In parallelism, "Bills for direction and advice are maintainable only by fiduciaries . . . in regard to questions necessarily arising in the administration of their trusts. . . . They are designed to furnish protection to fiduciaries in the discharge of their duties and facilitate the execution of trusts." *McAllister* v. *Elliot*, 83 N. H. 225, 227. As fiduciaries the plaintiffs in a petition for construction have no interest other than to be duly advised and instructed. It follows that they have no right to seek a particular construction among conflicting positions which may be taken. In respect thereto they are strangers. Accordingly, the brief here filed for the plaintiffs has been disregarded.

*Case discharged.*