## Demerit v. Lyford.

A judgment of a court of competent jurisdiction, upon the matter directly in issue, is conclusive between the parties.

A judgment for costs, awarded to a trustee upon his disclosure, is conclusive, in an action of debt upon the judgment.

Such judgment cannot be impeached by a plea that the disclosure was false, or fraudulent, or perjured.

DEBT ON JUDGMENT. The declaration sets forth "that the plaintiff, by the consideration of the justices of the court of common pleas, holden at, &c., on, &c., recovered judgment against said defendant for $42,37, costs of suit, as by the record, &c., which judgment is in full force, &c., whereby an action has accrued, &c., yet though often requested, the defendant has not paid the same, &c.

The plea alleges, " And the said Lyford comes, &c., and says, &c., that having a just claim against one J. Batchel-der, on, &c., he sued out of the clerk's office, in said county, a certain writ of attachment and summons against said J. B., and therein and thereby he also summoned said Demer-itt, as trustee of said J. B., and said writ was made return-able into the court of common pleas, holden in said county, on the third Tuesday of August then next; and the said writ was duly served upon said J. B. and said Demeritt, as his trustee, and duly returned into the said court, when and where the same was made returnable, and duly entered in

said court; and said D. appeared and answered thereto as such trustee; and the said action was continued from term to term of said court until, &c. And the said D., intending to defraud the said L., and prevent his collecting his said debt against said J. B., did take of the said J. B. two promissory notes, which he procured said J. B. to sign, without consideration, one for $163,91, and the other for about $100, and to secure the payment of said first note, had taken a mortgage upon all the personal property of said J. B., and which mortgage the said D. had procured the said J. B. to execute; and for the payment of the last note, said D. had procured the said J. B. to make, execute and deliver a quitclaim deed of the farm upon which the said J. B. then lived, and which he then owned, which personal property so covered by said mortgage, was sufficient to pay said demand of said L. against said J. B., and the said farm, being all the real estate of said J. B., was sufficient to pay said demand of said L. against said J. B., and said D., in pursuance of said false and fraudulent intent, came into said court of common pleas, on, &c., and in open court, made oath that said J. B. was indebted to him in the aforesaid sums, at the time of making said mortgage, and at the time of executing said deed of said farm, and that he held said personal and real estate as security and in payment of said promissory note; and by reason of such taking said notes and deed and mortgage, and by reason of said wicked, wilful and false oath and affirmation by said D., the said L. was defrauded and prevented from collecting his just demand against said J. B., and the said D. procured himself to be discharged as such trustee, and procured said judgment now in said action against said defendant, and this, &c. Wherefore, &c.

To this plea there was a general demurrer and joinder.

*Lyford*, for the defendant.

1. Fraud vitiates all contracts. The defendant's plea

sets forth fraud, sustained by perjury of the party, and, if substantially alleged, is sufficient.

2. A judgment obtained by perjury cannot be sustained. *Page* v. *Camp*, 3 Day 35, note ; *Hannaford* v. *Penryn*, 3 Johns. 157, note.

3. Where judgment has been recovered by the perjury of witnesses, the aggrieved party may find relief in a court of equity, because he would be too late to obtain it in a court of law. *King* v. *Boston*, 4 East 575; 1 Esp. Cases 98; *Great Falls* v. *Mathes*, 5 N. H. Rep. 14; *Amy* v. *Lory*, 1 Camp. 14.

4. Everything well pleaded is admitted by the plaintiff's demurrer. The allegation in the defendant's plea is, that the plaintiff obtained his judgment by swearing falsely to material matters, which is a sufficiently direct charge of perjury.

*Flint & Clark*, for the plaintiff.

1. The parties to a domestic judgment, rendered by a court of record, in a suit upon that judgment, cannot impeach it for fraud, or set up any defence which might have been made to the original action. *Moore* v. *Bowmaker*, 6 Taun. 379; 2 Marsh 392, quoted 1 Ch. Pl. 521. And it seems that the rule is the same, whether the judgment were obtained by confession, default or upon plea. *McFarland* v. *Erwin*, 8 Johns. 77.

It was held, very long ago, in *Prudham* v. *Phillips*, 1 Stra. 2, to be the settled rule, that a person who was a party to the proceeding, could not show collusion, in order to repel the judgment. Nor can a person who might have been a party. Ambler 763.

A general doctrine that a judgment cannot be impeached by plea, is well settled. 1 Stark. Ev. 260; 2 Saund. Pl. & Ev. 608; Cow. & Hill's Notes to Phil. Ev. 830, n. 538; 2 Phil. Ev. 509; *Cook* v. *Darling*, 18 Pick. 393; *Tilton* v. *Gordon*, 1 N. H. Rep. 33; *Snow* v. *Prescott*, 12 N. H. Rep. 535.

In an action on a judgment, rendered by a court in another State, it seems the only question open to discussion is the jurisdiction of the court rendering the judgment. *Bissell* v. *Briggs*, 9 Mass. 462. And if the court had jurisdiction of the parties and of the subject-matter, the judgment is conclusive.

The defendant, in the case at bar, was a party to the proceeding, in which the judgment he questions was obtained. He was present at the trial, and could have availed himself of the same matters to prevent the judgment, which he attempts to set up in bar of a recovery upon it; the same means of redress he now seeks to employ.

The plaintiff's disclosure was not conclusive upon him. He could have proved it false in that proceeding as well as this. He was at liberty to go to the jury upon the question of its verity, with any competent evidence in his possession to contradict it, and to establish the plaintiff's liability as trustee. The principal defendant was a competent witness in that proceeding. Rev. Stat. 421, § 28.

2. If it were competent for the defendant to impeach this judgment, in the manner here attempted, yet the plaintiff insists that the facts set forth in the defendant's plea, are not sufficient to make out the defence he attempts to interpose.

The plea alleges that the plaintiff held a mortgage of the debtor's personal property, and a deed of his real estate, but does not state that his title to the property was in any way perfected, either by possession or registry. The plea ought to allege that his title was perfected in due form of law, and set out the manner, because if it were not so, though there were no consideration for the mortgage, the plaintiff could not have been charged. He could not be charged as trustee of the real estate, (*Wright* v. *Bosworth*, 7 N. H. Rep. 590,) and his disclosure that the notes were given for good consideration was immaterial, unless it be shown that, by virtue of the arrangement, he received goods, &c., of the debtors into his hands or possession.

Demeritt v. Lyford.

Bell, J.   The plea, in this case, sets up no sufficient defence to the plaintiff's action.   It is not, in terms, alleged, nor can it be reasonably inferred from what is alleged, that the present plaintiff was in any way chargeable as trustee in the original action.   It is not averred that he had in his hands or possession any money, goods, chattels, rights or credits of the original defendant, at the time of the suit brought, or at any time afterwards.   He, therefore, fails to assert in his plea any right to recover against him as trustee, or any reason, why the plaintiff should not have been discharged by the court, with such judgment in his favor for the costs, as he now claims to recover.   The plea alleges that the present plaintiff took of the original defendant, notes and a mortgage of personal property to secure them, and a quitclaim deed of all his real estate, and that these notes and deeds were without consideration.   It is left in doubt, to say the least, whether the making of these notes, and mortgage and quitclaim deed was not the only ground on which the then plaintiff rested his claim to charge the trustee.   And if so, the action clearly could not be maintained without other facts than those charged in the plea. It is well settled that no person can be charged as trustee because of any conveyance to him of the real estate of the principal debtor, unless he becomes indebted to the principal debtor for the price.   *Wright* v. *Bosworth*, 7 N. H. Rep. 590.   And it is equally well settled that the mere fact that a person has taken security, by mortgage of the personal property of the debtor, will not render him chargeable as trustee, if he has not taken the mortgaged property into his possession.   *Hudson* v. *Hunt*, 5 N. H. Rep. 538 ; *Greenleaf* v. *Perrin*, 8 N. H. Rep. 273 ; *Despatch Line* v. *Bellamy Co.* 12 N. H. Rep. 238.   It is not here asserted that the trustee had taken any possession of the property conveyed to him in mortgage, so that upon the defendant's own showing, and notwithstanding anything alleged in the plea, the trustee was rightfully and properly discharged.

Upon this plea, it does not appear that it was in any way material, so far as regards the discharge of the trustee, whether the notes, mortgage and deed of the land were, or were not, founded on good consideration, since he could not be charged in any event.

A person, sued as trustee, may be charged with costs, instead of recovering them, although discharged as trustee, in cases where he holds property of the principal debtor, or has received a conveyance of it for a fraudulent purpose.   Rev. Stat. ch. 208, §§ 33, 34.   In the original action, therefore, it would seem that though upon the facts stated in the plea, the trustee could not be charged for the property, yet he might have been adjudged to pay the costs of the proceedings against him, instead of recovering a judgment for his costs, as he did in this case.   Upon this point, the good faith of the original transaction, relative to the notes and mortgage and deed of the land, was of course material. The allegations of the plea, if examined, amount only to this, that the trustee, intending to defraud the now defendant, and prevent his collecting his debt, took of the debtor two notes, a mortgage and deed, without consideration, and in open court made oath that the debtor was indebted to him in the aforesaid sums, at the time of making said mortgage and deed, and that he held said personal and real estate as security, and in payment of said promissory notes.

If we understand this allegation as charging wilful perjury upon the trustee, in his disclosure, and it is surely a very imperfect charge of that crime, we are not aware of any decision which holds that the judgment of a court can be set aside upon a plea that either party, or his witnesses, have committed perjury upon the trial.   And we think it would open quite too wide a door for uncertainty and endless litigation, if it were to be held that, upon a plea that perjury had been committed upon the trial, the merits of every controversy which has passed into a judgment could be reopened and examined.

The good faith and honesty of the parties, in relation to the notes, mortgage and deed held by the trustee, the only point in issue, so far as the liability of the trustee for costs alone was concerned, was submitted to the disclosure of the defendant, under oath, by the election of the plaintiff himself, the defendant here. Rev. Stat. ch. 208, § 7. And the plaintiff, if he was dissatisfied with such disclosure, had the right to have the same question tried by the jury, (*ib.* § 28,) and upon the trial to have introduced all the testimony in his power to show that the disclosure was false. This right, it may be fairly inferred, the party has not insisted upon, and, therefore, must be taken to have waived, and having so waived his right to contest the statements of the trustee, at the time provided by law for that purpose, he cannot now, after judgment, be permitted to go into that inquiry.

It is settled here that the judgment of a court of competent jurisdiction, directly upon the point put in issue, is as a plea, a bar, or as evidence conclusive, between the same parties and their privies, upon the same matter directly in question, or incidentally in question, for another purpose, in the same or any other court, except when the question is re-examined upon appeal, or writ of error, or other proceeding, provided by law for its revision. But a judgment of a court of competent jurisdiction is not evidence of any matter which came collaterally in question, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.

These principles are holden in *King* v. *Chase*, 15 N. H. Rep. 1, substantially upon the authority of the *Duchess of Kingston's Case*, How. St. Tr. 261, cited in all the elementary books of evidence.

In the former case, the court held that the matter which the plaintiff insists upon, in his declaration, and which the defendant controverts in his pleadings, is the matter properly in issue within the meaning of the rule. The declaration

---

Demeritt *v.* Lyford.

---

and pleadings may show specifically what this is. If they do not, the party may introduce other evidence to show what was in issue, and thus show what form the pleadings must have assumed, if they had been special.

To render a judgment conclusive, even as to the matter in issue between the same parties, that matter must have been decided upon the merits; for if the plaintiff discontinue his action, or become non-suit, or for any other cause, there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive. So if the declaration was so essentially defective that it would have been adjudged bad on demurrer, or if the trial went off on a technical defect, or because the action was prematurely commenced, or because the court had not jurisdiction, or the plaintiff was temporarily disabled to sue, the judgment will be in no wise conclusive upon any party. 3 Banv. Inst. 376; 1 Greenl. Ev. 566; 2 Phil. Ev. 5.

Whenever and to whatever extent a judgment of a court is not conclusive, it is open to examination; and wherever a party is at liberty to impeach or contradict a judgment on other grounds, we think he is at liberty to do so on the ground of fraud, if his case requires it. Thus a judgment is never conclusive as to the jurisdiction of the court by which it is rendered, unless, perhaps, when it is the very matter in issue on a trial. *Noyes* v. *Butler*, 6 Barb. S. C. 613; *Hickey* v. *Stuart*, 3 How. U. S. 750; *Morse* v. *Presby*, 5 Foster's Rep. 299. Any fact may be alleged or proved which goes to take away the jurisdiction, and if apparent jurisdiction has been conferred by fraud or collusion, the judgment may be impeached on that ground.

If a judgment, for the purpose for which it is offered or relied upon, is conclusive, its effect cannot be changed by any allegation of fraud in the trial upon which it was rendered. In the present case, so far as may be judged from the plea, two matters were in issue in the action against the trustee, on which the judgment now in suit was founded.

Demeritt *v.* Lyford.

The first was the liability of the present plaintiff, then sued as trustee, to be charged as such for property in his hands, belonging to the principal defendant. The second was his liability to a judgment for costs, on the ground of fraudulent conduct. Both these were directly in issue. They were examined and decided by the court upon evidence which the plaintiff elected to lay before them. The plaintiff waived the right to a trial by jury upon the same and any further evidence he could command, by not insisting upon it at the time and in the manner required by the statute. The judgment, therefore, as to this matter of the costs, awarded to the present plaintiff, was directly upon one or both the points in issue, and is conclusive. The defendant is now concluded and estopped to allege, either that no such judgment was rendered, or that it is in any respect wrong, erroneous or mistaken in this proceeding, which is designed not to revise or correct, but merely to enforce the judgment. His allegation is merely that the evidence upon which the court decided was false and perjured, and, therefore, the decision was wrong. This he is not at liberty to say, (*Magoun* v. *New England Ins. Co.* 3 Law Rep. 127; *Thacher* v. *Gammon*, 12 Mass. Rep. 268; *Peck* v. *Woodbridge*, 3 Day. 30; *Smith* v. *Lewis*, 3 Johns. 157; *Smith* v. *Lowry*, 1 Johns. Ch. 322; *Homer* v. *Fish*, 1 Pick. 435,) and his plea is, therefore, insufficient, and there must be

*Judgment for the plaintiff.*