PARKER & a. v. ROBERTS & a.

A judgment rendered upon default for the price of goods sold, the amount thereof being fixed by agreement, is not a bar to an action by the purchaser for a breach of warranty of the quality of the goods.

ASSUMPSIT, on a warranty of a steam engine. The defendants in a brief statement pleaded a judgment recovered by them in Massachusetts in 1884, against the plaintiffs, upon default, and an agreement as to the amount of damages, in a suit to recover the price of the engine, in which suit these plaintiffs, before submitting to a default, appeared and filed an answer in which they alleged the same breach of warranty of the engine relied on here, and claimed to recoup the damages suffered by them on that account. The court ruled that the Massachusetts judgment is not a bar to this suit; and the defendants excepted.

The evidence tended to show that Young, the member of the plaintiffs' firm who bargained for the engine with the defendants in Boston, was not a practical machinist, and never run an engine; and it did not appear that he had any acquaintance with the

mechanism or operating of steam engines. The defendants requested the following instructions:

If the jury find that the engine was defective, and that the defects were not apparent to a person without some skill in the matter of engines and machinery of that nature; and further, that Mr. Young had sufficient skill to see such defects, and opportunity to examine the engine and did examine it; and that the defendants did not practise any concealment or deceit in reference to such defects,—the plaintiffs cannot recover. These instructions were refused, and the defendants excepted.

The court instructed the jury that if Young had an opportunity to examine the engine and did examine it, and the defects complained of in this suit were apparent on simple inspection and requiring no skill to discover them, the plaintiffs cannot recover because they were not misled by the defendants' representations. If the finding of the jury is against the defendants on this point, then the question is whether there has been a breach of the defendants' warranty. If the engine was not what the defendants warranted it to be, the plaintiffs can recover the difference between the value of such an engine as the defendants promised the plaintiffs, and the value of the engine delivered. To the instructions given no exception was taken. The jury returned a verdict for the plaintiffs for $397.91. The matter of interest was not considered by them.

*Burleigh & Adams,* for the defendants. The judgment in the superior court of Massachusetts for Roberts & Co. was not by default, but by agreement of parties, with pleadings then on file and never withdrawn. It is argued, that the brief statement fails to allege that the matters set up in the answer filed in the Massachusetts case were put in issue. What is the issue in every case? The authorities are agreed that it is the matter upon which the plaintiff proceeds by his action, and the defendant by his pleadings controverts. *Potter* v. *Baker,* 19 N. H. 167; *King* v. *Chase,* 15 N. H. 9; *Demeritt* v. *Lyford,* 27 N. H. 547; *Taylor* v. *Dustin,* 43 N. H. 495; *Smith* v. *Smith,* 50 N. H. 218.

The issue actually set at rest by a judgment may generally be determined by an inspection of the pleadings; but occasionally the issue settled cannot be ascertained without evidence *aliunde.* The plaintiffs contend that the judgment pleaded here was by default, and therefore no bar. There is abundant authority that a judgment by default with pleadings filed is as good as any other to bar a subsequent action for the same cause. Big. Est. 25–28; *Loring* v. *Mansfield,* 17 Mass. 394; *Jordan* v. *Phelps,* 3 Cush. 547, 548; *Fuller* v. *Shattuck,* 13 Gray 70; *Binck* v. *Wood,* 43 Barb. 315; *Knox* v. *Waldoborough,* 5 Greenl. 185; *Davis* v. *Tallcot,* 12 N. Y. 184. But the plaintiffs urge that ordinary cases of judgment by default are distinguishable from the one here pleaded in this, that the defence set up in the Massachusetts case was in the nature of

a cross action, which Parker & Young were at liberty to prosecute or abandon, and that the default first entered is to be construed as an intention on their part to pay the contract price of the engine, and then prosecute the matter set up in their answer in a separate suit here; and there is some authority for this view. *Bascom* v. *Manning*, 52 N. H. 132. This case was decided, like all others, on the particular facts presented to the court. Judgment was rendered on a default pure and simple, *Ladd*, J., using this significant language: "The defendant, by suffering a default, evinced his determination in a very unequivocal manner not to proceed further with the litigation of his counter claim in that suit."

Had the Massachusetts record, in *Roberts & Co.* v. *Parker & Young*, shown a default and judgment without any agreement of the parties filed, *Bascom* v. *Manning* might prove an insuperable barrier to the defendants' success in the present suit. But after default the parties appeared further, and with the answer on file, which clearly showed the whole matter in issue, solemnly, and without condition, agreed that the plaintiff should have judgment for a specified sum. This was equivalent to striking off the default; and the judgment thereby became one by agreement, and not by default. Nor is the plaintiffs' position, that the agreement for judgment was limited in legal effect to the liquidation of damages, a sound one. On what principle or authority can a legal intendment be engrafted upon the action of the parties to this agreement, abating the ordinary force and effect of judgments after plea or answer filed? Do the plaintiffs claim that an agreement by parties litigant, made in open court and merged in a judgment, is not as good a bar as a judgment after verdict? Is it not plain that a general verdict for Roberts & Co., in the Massachusetts case, with such a declaration and answer on file, followed by judgment thereon, would be a bar to the plaintiffs in this suit? The facts set up by Parker & Young in this suit are not open to further controversy. By implication of law they were settled in the Massachusetts court. They are at variance with the judgment of that court, rendered on the pleadings there filed. The plaintiffs cannot be heard to say that the judgment thus entered up does not express the legal result of the declaration, answer, and agreement in the case, nor can they say, as matter of law, that the agreement relates merely to the amount of damages claimed by Roberts & Co., or that it is anything less than it purports to be, a final adjudication of the whole matter.

Concerning the conclusiveness of agreed judgments, see Big. Est. 22, 23; *Bank* v. *Hopkins*, 2 Dana 395; *Hanover* v. *Weare*, 2 N. H. 134; *Olcott* v. *Banfill*, 7 N. H. 469.

The plaintiff's case is not aided by the cases which hold that when a judgment is pleaded in bar, and the pleadings are such that the exact and whole matter in issue cannot be ascertained

29*

from the record, evidence *aliunde* may be introduced to determine the issue with certainty. *King* v. *Chase*, 15 N. H. 9; *Smith* v. *Smith*, 50 N. H. 218; *Bigelow* v. *Winsor*, 1 Gray 299; *Sanderson* v. *Peabody*, 58 N. H. 118. The declaration and pleadings in the Massachusetts court were most explicit, and the matter sought to be litigated here was pointedly set forth in the answer of Parker & Young in that suit. No extrinsic evidence could make the issue plainer. The gist of the defence there was a breach of warranty and resultant damages. The judgment by agreement must be construed consistently with the declaration and pleadings. There is a manifest and important distinction between the scope of a judgment on explicit pleadings, and one rendered upon a declaration and plea whereby the matter in issue is not clearly revealed. The plaintiffs ask for a construction that contradicts the record, and divests a judgment of all vitality, as a bar to further litigation upon issues once set at rest.

*J. L. Foster*, *O. Ray*, and *Bingham, Mitchells & Bachellor*, for the plaintiffs.

CARPENTER, J. The former judgment is not a bar. *Bascom* v. *Manning*, 52 N. H. 132. That case does not differ from this, except in the immaterial circumstance that here the damages were fixed by agreement. A default admits all the material allegations of the writ, except the amount of damages which are assessed by the court, unless, for special reasons, an inquiry by the jury is ordered. *Huntress* v. *Effingham*, 17 N. H. 584; *Toppan's Petition*, 24 N. H. 43; *Manchester's Petition*, 28 N. H. 296; *Willson* v. *Willson*, 25 N. H. 229; *Bowman* v. *Noyes*, 12 N. H. 307; *West* v. *Whitney*, 26 N. H. 314; *Chase* v. *Lovering*, 27 N. H. 295. The law and practice are substantially the same in Massachusetts. *Jarvis* v. *Blanchard*, 6 Mass. 4; *Storer* v. *White*, 7 Mass. 448; *Folger* v. *Fields*, 12 Cush. 93; Colby Prac. 225. Judgment for the plaintiff, for nominal damages, at least, follows a default as of course.

After the plaintiffs, in the action against them in Massachusetts, were defaulted, no question except the amount of damages remained open. To fix that amount was the only purpose of the agreement, and its only effect. The operation of the judgment is the same as if the damages had been assessed by the court or by the jury. If the matter alleged in the answer was competent to be considered in the assessment of damages, the plaintiffs were not obliged to present it, and if not presented nor considered, it would not be barred by the judgment. *Seddon* v. *Tutop*, 6 T. R. 607.

There is no evidence that it was taken into consideration by the parties, in settling the amount of damages by their agreement. It rests upon the party setting up a judgment as an estoppel, to show that the matter in question was adjudicated by it.

It is unnecessary to determine whether the instructions requested

by the defendants were absolutely correct or not. They were properly refused, because the case did not call for them. There was no evidence that Young had any acquaintance with, or skill in relation to, engines and machinery of the kind in question.

Interest from the date of the writ may be added to the amount of the verdict.

*Exceptions overruled.*

SMITH, J., did not sit : the others concurred.