Carroll
No. 83-435

PATRICIA A. BARTON

v.

ALBERT E. BARTON

August 13, 1984

*Law Offices of Stephen J. C. Woods,* of Exeter (*Karyn P. Forbes* on the brief), by brief for the plaintiff.

*Law Offices of James J. Kalled,* of Ossipee (*James B. Kazan* on the brief), by brief for the defendant.

PER CURIAM.   In this interlocutory appeal from a ruling of the superior court, the following question is presented: Is a default judgment in favor of defendant, obtained by virtue of plaintiff's negligent failure to comply with the superior court discovery rules, *res judicata* so as to bar a second suit alleging the identical cause of action? The trial court answered the question in the negative and denied the defendant's motion to dismiss. We reverse.

In November 1981, the plaintiff brought a contract action against the defendant. In July 1982, the defendant propounded interrogatories, which went unanswered by the plaintiff. In September 1982, the defendant wrote to plaintiff's counsel inquiring as to when answers to the interrogatories could be expected. The plaintiff did not respond to the letter, and on October 6, 1982, the defendant requested conditional default, which was granted on October 7, 1982. *See* SUPER. CT. R. 36. The order for conditional default went unanswered and, on October 22, 1982, the court entered default due to the plaintiff's "failure to respond to interrogatories within 10 days

of conditional default." On November 10, 1982, judgment was entered for the defendant.

On November 16, 1982, the plaintiff filed a series of motions seeking to set aside the default judgment. The court found that the plaintiff's failure to comply with the superior court rules governing discovery was due to the negligent failure of her Massachusetts attorney to inform himself of the requirements of New Hampshire law and to maintain personal contact with the plaintiff. The court concluded that the negligent actions of the plaintiff's counsel did not constitute the requisite accident, mistake or misfortune necessary to afford her the relief requested. *See* SUPER. CT. R. Preface.

The instant case, alleging a cause of action identical to that which suffered the default judgment, was entered in March 1983, pursuant to RSA 508:10. That provision permits a plaintiff to bring a second action one year after a judgment against that plaintiff, if the judgment does not bar the right of action. The defendant filed a motion to dismiss, alleging that the action was barred by the doctrine of *res judicata.*

The Master (*Charles T. Gallagher,* Esq.) determined that a dismissal of a suit for failure to prosecute was not an adjudication on the merits and did not bar a second suit upon the same cause of action. *Carveth v. Latham,* 110 N.H. 232, 265 A.2d 1 (1970). He was unable to detect any difference between a case where the plaintiff fails to respond to interrogatories and a case where there is a failure to prosecute, and thus recommended that the defendant's motion to dismiss be denied. The Superior Court (*Wyman,* J.) approved the master's recommendation, and this appeal followed.

RSA 508:10 provides: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." The sole test of RSA 508:10 "'is whether the right of action is, or is not, barred by the first judgment.'" *Hughes v. Hebert,* 106 N.H. 176, 177–78, 207 A.2d 432, 433 (1965) (quoting *Milford Quarry &c. Co. v. Railroad,* 78 N.H. 176, 177, 97 A. 982, 983 (1916)).

It is well settled in this jurisdiction that a former judgment is not conclusive upon a matter in issue unless the judgment was "on the merits." *McAuliffe v. Colonial Imports, Inc.,* 116 N.H. 398, 399, 359 A.2d 630, 631 (1976); *Peerless Corp. v. Chin,* 112 N.H. 3, 5, 287 A.2d 611, 612 (1972); *Taylor v. Barron,* 30 N.H. 78, 103 (1855); *Demerit v. Lyford,* 27 N.H. 541, 548 (1853). The issue for this court, then, is whether a default judgment entered because of the plaintiff's failure to answer interrogatories operates as a judgment "on the merits."

■ ■ In *Innie v. W & R, Inc.*, 116 N.H. 315, 359 A.2d 616 (1976), we noted that the defense of *res judicata* could have been raised to defeat the defendant's claim because the default judgment entered against the defendant "was a final judgment on the merits, conclusive as to the rights of the parties and their privies, and constituted an absolute bar to a subsequent litigation involving the same cause of action." *Id.* at 316, 359 A.2d at 617. While the nature of the defendant's default is not clear from a reading of that case, a default, by definition, is a failure to take a step required by the rules of procedure. *Hutchinson v. Railway*, 73 N.H. 271, 277, 60 A. 1011, 1014 (1905). Accordingly, we conclude that a default judgment entered for failure of a party to comply with the superior court discovery rules constitutes a judgment on the merits and, thus, we hold that a second suit alleging the same cause of action is barred by the doctrine of *res judicata*.

*Reversed and remanded.*