Rockingham
No. 84-505

JOSEPH DONOVAN

v.

CANOBIE LAKE PARK CORPORATION

April 9, 1986

*Elizabeth Cazden*, of Manchester, by brief and orally, for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Peter S. Cowan* on the brief and orally), for the defendant.

*Rinden Professional Association*, of Concord (*Richard Y. Uchida* on the brief), by brief, pro se, as amicus curiae.

PER CURIAM. The plaintiff, Joseph Donovan, appeals from the Trial Court's (*Goode*, J.) dismissal of his action against the defendant on the ground of res judicata, citing *Barton v. Barton*, 125 N.H. 433, 480 A.2d 199 (1984). We reverse for the reasons stated below.

On July 1, 1978, Joseph Donovan was injured when he either fell or was thrown from a ride at the Canobie Lake Amusement Park. He brought suit in superior court by writ returnable in October 1980 seeking $100,000 in damages, alleging *inter alia* that the defendant was negligent in its operations and in the maintenance of its rides.

Discovery proceeded, and on March 1, 1984, counsel for the defendant sent a fifth set of interrogatories to plaintiff's counsel, who

later claimed that he never received them. In any event, the interrogatories were not timely answered and, upon defendant's motion, a conditional default was entered on April 27, 1984. A hearing relating to the conditional default was held on June 5, 1984, at which time the answers to the interrogatories were made available to the defendant. At the hearing, the defendant's counsel apparently represented in good faith to the court that the plaintiff would be able to refile his action even if the conditional default were made final. The trial court issued an order denying the plaintiff's motion to remove the conditional default and granting the defendant's motion to make the conditional default final. A default judgment was never entered in the case, and no appeal was ever taken, although a motion to vacate was filed on October 23, 1984. That motion is apparently still pending in the superior court.

In June of 1984, the plaintiff filed a new writ alleging essentially the same cause of action and seeking essentially the same relief as he had in his original writ. On September 25, 1984, the trial court granted the defendant's motion to dismiss this action, stating ". . . the judgment of default was entered in the [prior action]. That is a judgment on the merits. This second suit alleges the same cause of action and under the case of *Barton v. Barton* would appear to be barred." On November 5, 1984, defendant's counsel sent a letter to the clerk of court, requesting entry of judgment of default in the prior case, which request has not been acted upon.

On appeal, plaintiff seeks reversal of the trial court's order, asserting, alternatively, that the present case is distinguishable from *Barton*, that *Barton* was itself incorrectly decided, that the plaintiff was denied due process, and that the defendant is estopped from claiming that the plaintiff cannot bring a second suit because of defendant's counsel's erroneous representations to the trial court regarding the plaintiff's right to refile.

In *Barton*, we held that ". . . a default judgment entered for failure of a party to comply with the superior court discovery rules constitutes a judgment on the merits and, thus, . . . a second suit alleging the same cause of action is barred by the doctrine of *res judicata*." *Barton*, 125 N.H. at 435, 480 A.2d at 200. However, unlike *Barton*, a judgment of default was never entered in this matter. A "final default" does not constitute a judgment for purposes of res judicata. We hasten to add, in view of the potentially serious consequences of the use of defaults as a sanction, that both notice and an opportunity for hearing should be given to a party in default prior to the entry of judgment and assessment of damages. *See Jamieson, Inc. v. Copeland Coating Co.*, 126 N.H. 101, 103, 489 A.2d 613, 615

(1985). *But see* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1116 (1984).

It was conceded at oral argument that the trial court's decision to dismiss the second action stands or falls on our interpretation and application of *Barton*. Because we reverse on the ground that *Barton* is materially distinguishable from this case, we do not consider any of the other claims raised.

*Reversed.*

JOHNSON, J., did not sit.