Cheshire
No. 86-503
Hillsborough
No. 87-218

MICHAEL B. MCGANN

v.

PHILIP STEENSTRA

GENO ERIQUEZZO

v.

JAMES E. M. COUGHLIN, JR.

May 6, 1988

*Michael B. McGann*, by brief *pro se*.

*Arthur L. Trombly*, of Keene, by brief for the defendant, Philip Steenstra.

*Hage & Hodes*, of Manchester (*Jamie N. Hage* on the brief), by brief for the plaintiff, Geno Eriquezzo.

*Wiggin & Nourie*, of Manchester (*Dort S. Bigg* on the brief), by brief for the defendant, James E. M. Coughlin, Jr.

### MEMORANDUM OPINION

BROCK, C.J. In each of these unrelated appeals, submitted together by orders of October 8, 1987, the sole issue that we need address is whether the action was properly dismissed under Superior Court Rule 58. Neither the facts underlying each action, nor the proceedings that followed the dismissals, are relevant to our decision, and we therefore omit them here. We reverse and remand.

The record before us indicates that in case No. 86-503, a motion to dismiss was filed with the superior court on October 6, 1986, and that by letter dated October 23, 1986, the parties were advised as follows:

> "Please be advised that on October 23, 1986, Stillman Rogers, Clerk made the following order in the above captioned case:
>
> Re Motion to Dismiss
>
> Petition (sic) to Dismiss is granted, no objection thereto having been filed by plaintiff. By order of the Superior Court.
>
> (s) Stillman D. Rogers, Clerk"

Similarly, in case No. 87-218, a motion to dismiss with prejudice was filed with the superior court on December 10, 1986, and by notice dated December 30, 1986, the parties were advised as follows:

> "You are hereby notified that on December 29, 1986 the following order was entered in the above matter:
>
> Re: Motion to dismiss with prejudice
>
> There being no objection, the motion is:
> Granted—Rule 58.
>
> By Order of the Court<br>John M. Safford, Clerk"

Superior Court Rule 58 states:

> "Unless the opposing party requests a hearing upon any motion and sets forth the grounds of the objection by a pleading, and if required, an affidavit, within ten days after the filing of the motion, he shall be deemed to have waived a hearing, and the Court may act thereon."

Contrary to its apparent application in the cases before us, Rule 58 does not provide that a motion to which no objection is filed within ten days may be ministerially granted. Rule 58 says only that, in such cases, the party failing to object "shall be deemed to have waived a hearing, *and the Court may act thereon*" (emphasis added).

We construe the language in Rule 58 as requiring that a trial judge decide whether or not to grant the motion only after the judge has considered the law and the pleadings before the court.

Because a trial judge was not given an opportunity to follow this procedure in the two cases on appeal, we vacate the orders dismissing them, and remand for proceedings consistent with this opinion and the requirements of justice. *See* RSA 490:4.

*Vacated and remanded.*