Belknap
No. 92-234

## RICHARD AND SUSAN SHERMAN

### v.

### EDWARD MULLIGAN, IV

July 7, 1993

*William E. Aivalikles*, of Nashua, on the brief and orally, for the plaintiffs.

*Roussos, Hage & Hodes, P.A.*, of Manchester (*Michelle Bunnemeyer* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J.    The plaintiffs, Richard and Susan Sherman, appeal from an order of the Superior Court (*O'Neil*, J.) dismissing their malpractice action against the defendant, Edward Mulligan, IV, their former lawyer, in connection with his representation of their interests, arising from financial losses suffered in a flawed construction project. We reverse.

On May 30, 1990, the defendant's law firm sued the plaintiffs to recover the balance of an account for legal services in the amount of $2,700.60, plus interest and costs. The plaintiffs filed *pro se* appearances in the collection action on June 25, 1990. On July 11, 1990, they filed a counterclaim in the amount of $247,000, alleging that the defendant and other members of the firm "have failed and neglected to fully and properly represent the [Shermans]." The firm filed motions for summary judgment in both the collection case and the counterclaim. On September 5, 1990, the Superior Court (*McGuire*, J.) granted summary judgment in the collection case in the firm's favor. The trial court never ruled on the motion for summary judgment on the counterclaim.

The plaintiffs subsequently obtained new counsel and instituted a new and separate action for malpractice (the second suit) on October 21, 1991, alleging in specific detail an array of separate malpractice claims against the defendant. In response to the second suit, the defendant filed a motion for summary judgment and a motion to dismiss, alleging, among other things, that the second suit was barred by res judicata based on the counterclaim in the collection action. The plaintiffs objected to both motions.

On March 16, 1992, the Superior Court (*O'Neil*, J.) issued its order on the motion to dismiss, determining in part that there had been no final judgment in the first suit on the merits of the counterclaim and that the summary judgment motion was without merit because there were genuine issues of material fact to be determined. On the following day, the plaintiffs filed a motion in the first suit for voluntary nonsuit of their counterclaim without prejudice. Shortly thereafter, the defendant moved in the second suit for reconsideration of the court's March 16, 1992, order.

The Superior Court (*O'Neil*, J.) on March 31, 1992, granted the motion for reconsideration, reversed the order of March 16, 1992, and stated in pertinent part:

> "Upon further review of the pleadings, the Court grants the Motion for Reconsideration. The Court (*McGuire*, J.), obviously through inadvertance [*sic*], did not grant the second unobjected Motion for Summary Judgment involving the Shermans' counterclaim. That Motion for Summary Judgment should have been granted and is granted at this time.
>
> In the light of this ruling, the case of *Sherman v. Mulligan*, C-91-487 [the second suit] is dismissed."

The plaintiffs appeal from this ruling.

■ Trial courts grant summary judgment when, after considering the affidavits and any other evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* RSA 491:8-a (1983); *Gamble v. University of New Hampshire*, 136 N.H. 9, 16, 610 A.2d 357, 362 (1992).

■■ The motion for reconsideration and the response to it are devoid of factual assertions that would support the trial court's finding attributing Judge McGuire's failure to grant the motion for summary judgment to "inadvertence." In *McGann v. Steenstra*, 130 N.H. 411, 543 A.2d 406 (1988), we held that a motion to dismiss with prejudice was not properly a matter to be "ministerially granted," but rather that the trial court must consider the law and the pleadings and make a considered judgment. *Id.* at 412, 543 A.2d at 406–07. Because the defendant conceded at oral argument that when the trial court granted the motion for reconsideration in the second suit and granted summary judgment on the counterclaim it did not do so on the merits, we must conclude that the trial court inappropriately exercised its discretion. Accordingly, the order of March 31, 1992, is reversed and vacated; the order of March 16, 1992, is reinstated; and the case is remanded for a hearing on the plaintiffs' motion for voluntary nonsuit on the counterclaim and the defendant's motion for summary judgment.

*Reversed and remanded.*

All concurred.