Merrimack
No. 96-575

DIANE JACKSON COLE

v.

CYNTHIA B. HOBSON

September 24, 1998

*Ransmeier & Spellman, P.C.*, of Concord (*R. Matthew Cairns* on the brief and orally), for the plaintiff.

*Law Offices of William C. Sheridan, P.A.*, of Londonderry (*William C. Sheridan* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, Cynthia B. Hobson, appeals the Superior Court's (*Smukler*, J.) entry of default judgment in this action to enforce a guaranty on a promissory note. We affirm.

The plaintiff, Diane Jackson Cole, commenced this action in September 1994, alleging that the defendant guaranteed the repayment of funds lent to Michael L. Painter by the plaintiff and that the loans were in default. The plaintiff further alleged that, under the terms of the guaranty, the defendant was obligated to pay to the plaintiff all obligations due to the plaintiff by Painter, plus interest, costs, and attorneys' fees. The plaintiff's demands for payment, prior to suit being filed, were ignored.

A default judgment, which was later stricken, was entered against the defendant for failing to file an appearance. A conditional default was later entered against the defendant for failure to complete answers to interrogatories. Subsequent to that, a motion for default and sanctions against the defendant for failure to file a neutral evaluation summary was granted. Finally, the Superior Court (*Manias*, J.) entered a final default judgment against the defendant for failure to appear at a pretrial conference. The amount of the final judgment was based on the plaintiff's affidavit of damages.

On reconsideration, the Superior Court (*Manias*, J.) ruled that it would entertain a timely request for a hearing on damages. At the hearing on the defendant's request for a hearing on damages, the defendant's counsel made an offer of proof as to facts he would seek to show if his request for an evidentiary hearing were granted. The Superior Court (*Smukler*, J.) denied the request, however, because it found the proffered facts to be relevant to liability only and not to damages. The court then entered judgment for the plaintiff. This appeal followed.

The imposition of sanctions "is a matter left largely to the discretion of the trial court." *Daigle v. City of Portsmouth*, 131 N.H. 319, 325, 553 A.2d 291, 295 (1988) (dealing with discovery sanctions).

We will not disturb a trial court's ruling on sanctions absent an abuse of discretion. *See id.* at 326, 553 A.2d at 295.

The defendant raises a number of issues on appeal. They all essentially challenge the trial court's refusal to hear her proffered evidence and the court's entry of judgment based solely on the plaintiff's affidavit. The defendant does not challenge the entry of default against her, but rather argues that it does not constitute a final judgment on the merits. *See Donovan v. Canobie Lake Park Corp.*, 127 N.H. 762, 763, 508 A.2d 1043, 1044 (1986) (holding that a "'final default' does not constitute a judgment for purposes of res judicata"). The defendant properly states the law; however, it does not help her here. The entry of default precluded the defendant from asserting any affirmative defenses at the damages hearing.

"A default admits all the material allegations of the writ, except the amount of damages which are assessed by the court, unless, for special reasons, an inquiry by the jury is ordered." *Parker v. Roberts*, 63 N.H. 431, 434 (1885). After default, the only issue left is the amount of damages. *Id.* Thus, where a court orders a jury inquiry into damages, "the trial and verdict . . . [are] confined merely to the amount of damages." *Chase v. Lovering*, 27 N.H. 295, 298 (1853).

In accordance with these longstanding principles, the trial court properly limited the scope of the hearing to damages, *see Oliver v. Martin*, 460 A.2d 594, 595 (Me. 1983), and refused to hear evidence related to liability. "After rendition of a default judgment as a sanction, the right to cross-examine witnesses regarding damages does not extend to an inquiry into the basis of a default judgment. The sanctioned defendant may properly be prohibited from presenting any grounds of defense to the plaintiff's cause of action." *City of Dallas v. Cox*, 793 S.W.2d 701, 730 (Tex. Ct. App. 1990).

■ Nevertheless, the defendant argues that the matters she sought to prove at the hearing, namely, tender and refusal of payment and impairment of collateral, are not defenses under the Uniform Commercial Code (Code), but are matters of payment and discharge. We disagree. Under the Code, tender of payment and impairment of collateral are defenses available to an accommodation party. *See* RSA 382-A:3-603(b), :3-605(e) (1994); *see also Campo v. Maloney*, 122 N.H. 162, 168-69, 442 A.2d 997, 1001-02 (1982) (discussing impairment of collateral as a defense under the Code). As a guarantor, the defendant is an accommodation party under the Code. *See* RSA 382-A:3-419 (1994). These provisions limit the extent of a guarantor's liability on an instrument. They do not change the

amount due under the terms of the note, but determine the amount that the law requires a guarantor in a suit on the note to pay in light of actions by the creditor. Thus, they are more appropriately issues of liability than damages. Entertaining these issues after default "erroneously makes . . . [them] an aspect of damages, not liability." *Am. Fid. Fire Ins. Co. v. Woody's Elec. Serv.*, 407 So. 2d 947, 948 (Fla. Dist. Ct. App. 1981). Thus, the trial court properly refused to do so.

■ The defendant also challenges the trial court's admission of the plaintiff's affidavit of damages over the defendant's hearsay objection. The defendant advances several arguments, all resting on the premise that the affidavit constitutes hearsay under the rules of evidence. The rule on hearsay, however, provides that "[h]earsay is not admissible except as provided by these rules *or by other rules* prescribed by the Supreme Court pursuant to statutory authority." N.H. R. EV. 802 (emphasis added). New Hampshire Superior Court Administrative Rule 6-1 provides that "[i]n default cases involving the assessment of damages, a proper affidavit is acceptable as evidence in the assessment of damages." We therefore reject the defendant's arguments on this issue.

The defendant's notice of appeal raises a number of alleged constitutional infirmities in the trial court's decision. Only her due process argument, however, receives more than passing reference in her brief. We therefore consider her other constitutional arguments waived. *See State v. Burr*, 142 N.H. 89, 92, 696 A.2d 1114, 1116 (1997). We also conclude that her due process argument is without merit because the defendant received sufficient notice of the proceedings. *See Massachusetts Bonding Co. v. Nudd*, 103 N.H. 1, 4, 164 A.2d 242, 244 (1960). Finally, having reviewed the record regarding the defendant's remaining arguments, we conclude that they either have been waived or are without merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.