# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0468, <u>American Express National Bank v. Linda Petralia</u>, the court on February 22, 2022, issued the following order:**

The defendant's expedited motions to stay all proceedings in superior court, to remove the presiding superior court judge, and for "intervention" by this court are denied without prejudice to seeking relief from the superior court. The defendant's motion to stay all proceedings in this court is denied. Having considered the defendant's brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Linda Petralia, appeals decisions of the Superior Court (<u>Temple</u>, J.) denying her motion to dismiss, denying her motion to strike a default entered in favor of the plaintiff, American Express National Bank, entering final judgment for the plaintiff, and denying her motion to "correct" the docket, strike the final judgment, and reopen the case. She argues that the trial court erred by: (1) entering final default judgment in the absence of a request for final judgment by the plaintiff; (2) not dismissing the case pursuant to the doctrine of res judicata and for lack of standing; and (3) considering objections to her motions seeking to strike the entry of default that were signed by an attorney who had not entered an appearance for the plaintiff. We reverse the entry of final default judgment, but otherwise affirm and remand for further proceedings consistent with this order.

The plaintiff served its complaint upon the defendant on March 10, 2021. The defendant did not file an answer, but instead, on April 7, she moved to dismiss, <u>see</u> <u>Super. Ct. R.</u> 9(b) (providing that, in lieu of an answer, a defendant may file a motion to dismiss), asserting that she had received "many correspondences from several different collection firms," and that the plaintiff "previously sold this alleged debt" and, thus, lacked standing. The trial court denied the motion, explaining that "the complaint sets forth a claim for relief (breach of contract)." The defendant moved for reconsideration, arguing that she had challenged the plaintiff's standing, and that the plaintiff had failed to establish a "genuine issue of material fact . . . that proves that the Plaintiff owns the alleged debt." In denying the motion, the trial court observed that the defendant was "conflating the summary judgment standard with the applicable dismissal standard," and that the plaintiff had "alleged sufficient facts to establish standing." We note that the record on appeal does not include the complaint or the objections to the motions to dismiss and for reconsideration.

Following the denial of her motion to dismiss, the defendant did not file an answer, and on June 8, 2021, the trial court issued a notice of default. See Super. Ct. R. 9(b) (requiring defendant to file answer within thirty days of denial of motion to dismiss filed in lieu of an answer), 42(a) (providing that, if a defendant fails to timely answer or otherwise defend a complaint, the trial court shall enter default). The defendant moved to strike the default, see Super. Ct. R. 42(a), and after the trial court denied that motion, she unsuccessfully moved to reconsider. The plaintiff's objections to both motions included certificates of service containing a signature block that listed both the plaintiff's counsel of record and an attorney associated with counsel of record, and a physical signature that appears to have been executed by the attorney associated with counsel of record; the associated attorney had not filed an appearance.

Thereafter, the trial court entered final default judgment and closed the case. The defendant moved to "correct" the docket and to reopen the case, correctly observing that the plaintiff had not moved for the entry of final judgment. See Super. Ct. R. 42(d). The trial court denied the motion, referring to its earlier orders denying the defendant's motions to strike the default and to reconsider the denial of her motion to strike, and reasoning that, because the defendant had not timely appealed those orders, the case would "remain[] closed." This appeal followed.

An entry of default is not a final judgment on the merits. See Cole v. Hobson, 143 N.H. 14, 16 (1998); Donovan v. Canobie Lake Park Corp., 127 N.H. 762, 763 (1986). Rather, it merely admits the material allegations in the complaint, and in a civil action seeking an award of damages, requires the trial court then to determine and award damages. See Cole, 143 N.H. at 16. Under Superior Court Rule 42, following an entry of default for failure to file an answer, the docket is required to be marked, "final default entered, continued for entry of judgment or decree upon compliance with Rule 42." Super. Ct. R. 42(c). The non-defaulting party "may then request entry of final judgment or decree" by motion supported by an affidavit of damages or proposed decree, and the defaulted party is entitled, upon request, to a hearing as to final judgment. Super. Ct. R. 42(d), (e). Here, the plaintiff never requested final judgment. In its memorandum of law, the plaintiff effectively concedes that the trial court erred by entering final judgment, and that the earlier orders denying the motions to strike the default and for reconsideration did not constitute a final decision on the merits for purposes of Supreme Court Rules 3 and 7. Accordingly, we reverse the entry of final judgment and the denial of the motion to correct the docket and reopen the case, and remand for further proceedings consistent with this order.[1]

---

[1] In its memorandum of law, the plaintiff represents that, after the defendant had filed this appeal, it contacted the trial court clerk and inquired why judgment had been entered in the absence of a motion, and that the clerk "advised [the plaintiff's] counsel that this was an error" and amended the docket to read, "Default Continued for Judgment." By that point, however,

We next address whether the trial court erred by denying the motion to dismiss. In ruling on a motion to dismiss, the trial court is generally required to determine whether the allegations in the plaintiff's pleadings state a basis upon which relief may be granted, and to accept all facts pleaded by the plaintiff as true and construe such facts in the plaintiff's favor. Alward v. Johnston, 171 N.H. 574, 580 (2018). When, however, a motion to dismiss challenges the plaintiff's standing, the trial court must look beyond the unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated its right to claim relief. Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 736-37 (2020). As the appealing party, the defendant has the burden of providing a record that is sufficient to decide the issues she is raising, and we assume that relevant portions of the trial court record that the appealing party has not provided on appeal support the result reached by the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also In the Matter of Silva & Silva, 171 N.H. 1, 12 (2018) (applying Bean to failure to provide relevant motion or trial court order as part of record on appeal); Estate of Day v. Hanover Ins. Co., 162 N.H. 415, 422 (2011) (applying Bean to a failure to provide relevant trial court pleadings).

The defendant argues that the trial court engaged in plain error, see Sup. Ct. R. 16-A, by not dismissing this case under the doctrine of res judicata based upon its earlier dismissal "with prejudice" of a separate lawsuit brought by the plaintiff against the defendant. Additionally, she suggests that the plaintiff in fact lacked standing, and that the trial court erred by not dismissing the case on that basis. However, the defendant has not provided a sufficient record to address these arguments. Specifically, she has not provided the plaintiff's complaint or its objections to her motions to dismiss and to reconsider the denial of her motion to dismiss. Nor has she provided relevant pleadings from the prior case that she claims constituted res judicata.[2] Under these circumstances, we cannot conclude that the trial court engaged in error, plain or otherwise, by denying the motion to dismiss. See Silva, 171 N.H. at 12; Estate of Day, 162 N.H. at 422.

the defendant had already perfected her appeal, thereby "vest[ing this court] with the exclusive power and jurisdiction over the subject matter of the proceedings" and suspending "the authority and control of the [trial] court with reference thereto." Rautenberg v. Munnis, 107 N.H. 446, 447 (1966) (quotations omitted).

[2] In the prior case upon which the defendant relies to argue that res judicata requires dismissal of this case, although the trial court initially dismissed that case with prejudice, it subsequently granted a timely motion to vacate the dismissal, and it ultimately awarded the plaintiff summary judgment. We upheld those rulings on appeal. See American Express National Bank v. Linda A. Petralia, No. 2021-0315 (N.H. Jan. 14, 2022) (Petralia I). Neither the appellate record in this case nor the appellate record in Petralia I includes a copy of the Petralia I complaint, the motion to vacate the Petralia I dismissal order, or the trial court's order granting the motion to vacate the dismissal. We note further that, in its memorandum of law in this case, the plaintiff represents that: (1) the two cases arise out of separate accounts, not the same account; and (2) it never, in fact, sold the debt at issue in this case.

Finally, we reject the defendant's argument that the trial court engaged in plain error, see Sup. Ct. R. 16-A, by considering objections to her motions to strike the default and to reconsider the denial of her motion to strike that were signed by an attorney who had not entered an appearance. The defendant cites no authority standing for the proposition that when, as in this case, a pleading contains a signature block listing both the party's counsel of record in the case and an attorney associated with counsel of record who has not filed an appearance, the trial court is required to disregard the pleading. Nor are we aware of any such authority. Even if the trial court had been required to disregard the objections, however, it does not follow that the defendant would have been entitled to the granting of her corresponding motions. See Super. Ct. R. 13(b) (stating that failure to object to a motion "shall not, in and of itself, be grounds for granting the motion"); McGann v. Steenstra, 130 N.H. 411, 412 (1988) (holding that trial court may not ministerially grant a motion based only on the lack of an objection, but may grant the motion only after considering the law and the relevant pleadings). We note that the defendant, in her brief, does not challenge the merits of the trial court's decision to deny her motion to strike the default, but argues only that in denying the motion, the trial court erred by considering objections signed by an attorney who had not appeared.[3]

The defendant's remaining arguments are either insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed in part; reversed in part; and remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[3] Even if the defendant were challenging the merits of the decision not to strike the default, we could not conclude, on this record, that the trial court's decision to deny the motion to strike the default amounted to an error of law or an unsustainable exercise of discretion. See Brito v. Ryan, 151 N.H. 635, 637 (2005).