# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0365, <u>Brian L. Villa v. Federal Home Loan Mortgage</u>, the court on June 30, 2022, issued the following order:**

The plaintiff's motion to admit a letter from defense counsel into the appellate record is denied. The letter is dated long after the plaintiff filed his appeal and, thus, cannot be part of the record in this case. <u>See</u> <u>Sup. Ct. R.</u> 13 (defining the record on appeal); <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009) (stating that, on appeal, we consider only evidence and documents presented to the trial court). The plaintiff's emergency motion for a ruling on the effect of defective mortgage assignments is denied without prejudice to his seeking relief in the trial court.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Brian Villa, appeals orders of the Superior Court (<u>Ruoff</u>, J.) dismissing his action to enjoin foreclosure by the defendants, Federal Home Loan Mortgage Corporation and New Rez, LLC d/b/a Shellpoint Mortgage Servicing, for failure to attend an evidentiary hearing on his pending motions, and denying his motion for reconsideration. We affirm.

In June 2021, the plaintiff failed to appear at an evidentiary hearing held to address pending motions in the case, which, according to the defendants, included his request for a permanent injunction. We note that the defendants assert, and the plaintiff has not contested, that the hearing had been continued twice previously, including one time in which the plaintiff had filed a motion to continue late in the afternoon on the day prior to the hearing and then failed to attend the hearing notwithstanding the lack of any ruling on the motion. Based upon the plaintiff's failure to attend the rescheduled hearing, this time without having filed a motion to continue, the defendants requested that the trial court dismiss the case for failure to prosecute, and the trial court granted the request. In its order, the court stated that "[t]he case shall be dismissed in 14 days, unless the plaintiff demonstrates just cause for his failure to appear during that 14-day period."

Thereafter, the plaintiff filed a motion for reconsideration, arguing, among other things, that he understood the hearing to be an "unofficial" "opportunity for the Court and the two parties to get to know each other." He explained that he had sought a "postponement" because the defendants had not responded to his interrogatories nor his motion to compel them to do so. Accordingly, he argued that "[t]here seemed to be . . . little substantively that could be discussed [at the hearing] on the bases of the facts in evidence until the answers to [the]

interrogatories came in." The plaintiff explained his belief that "a 'no show' [at a hearing] . . . means the next programmed appearance begins and [the cases] are all jogged forward without any harm." Additionally, the plaintiff noted that, in the days preceding the scheduled hearing, he had been suffering from fatigue related to a medical treatment.

The trial court denied the plaintiff's motion for reconsideration, finding that he had not established just cause to vacate the default. See Super. Ct. R. 1(d) (stating that trial court may waive strict application of any rule as good cause appears and as justice may require). The trial court observed that "it appears that the plaintiff's reason for his non-appearance is that he simply did not wish to attend because he did not think it would be productive." The court also noted that the plaintiff failed to heed the express warnings set forth in the notice of hearing, including that "[i]f you are the plaintiff and do not appear [at the hearing], the Court may dismiss the case."

The imposition of sanctions is a matter left largely to the discretion of the trial court. Cole v. Hobson, 143 N.H. 14, 15 (1998). Accordingly, we will not disturb a trial court's ruling on sanctions absent an unsustainable exercise of discretion. See id. at 16; State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). On appeal, the plaintiff advances several challenges to the trial court's orders. However, as the appealing party, the plaintiff has the burden of demonstrating that the trial court committed reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated that the trial court committed reversible error.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2