# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0114, <u>Oak Brook Condominium Owners'</u>
<u>Association v. Gerard Dufresne</u>, the court on October 23, 2023,
issued the following order:**

The court has reviewed the written arguments and the record submitted
on appeal, and has determined to resolve the case by way of this order.  <u>See</u>
<u>Sup. Ct. R.</u> 20(2).  The defendant, Gerard Dufresne, appeals orders of the
Circuit Court (<u>Chabot</u>, J.): (1) entering final default in favor of the plaintiff, Oak
Brook Condominium Owners' Association, <u>see</u> <u>Dist. Div. R.</u> 3.42(b), (c); (2)
denying the defendant's motion to set aside the final default; and (3) granting
the plaintiff's motion for the entry of final judgment, <u>see</u> <u>Dist. Div. R.</u> 3.42(d),
(e).  We affirm.

Documents in the record provided on appeal reveal that on December 27,
2022, the trial court entered final default in favor of the plaintiff on its
complaint seeking to collect assessments, fees, and costs under the terms of
recorded condominium instruments.  On January 23, 2023, the trial court
denied the defendant's motion to set aside the final default "[f]or the reasons
set forth in Plaintiff's Objection."  We note that the portions of the trial court
record provided by the defendant on appeal do not include the trial court's
December 27, 2022 order granting final default, the defendant's motion to set
aside the final default, or the plaintiff's objection to the motion to set aside.
<u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (stating that
appealing party bears burden to provide a record on appeal that is sufficient to
decide the questions raised); <u>see</u> <u>also</u> <u>Estate of Day v. Hanover Ins. Co.</u>, 162
N.H. 415, 422 (2011) (applying <u>Bean</u> to appealing parties' failure to provide
relevant pleadings relied upon by the trial court).

On February 23, 2023, the defendant filed a petition for original
jurisdiction with this court, <u>see</u> <u>Sup. Ct. R.</u> 11, seeking to challenge the
January 23 denial of his motion to set aside the final default.  While the
petition was pending, the plaintiff filed a motion for the entry of final judgment
in the trial court.  <u>See</u> <u>Dist. Div. R.</u> 3.42(d), (e).  We note that, notwithstanding
the petition for original jurisdiction, because the order denying the motion to
set aside the default was not a "final decision on the merits," the trial court had
jurisdiction to rule on the motion for final judgment.  <u>See</u> <u>Gaucher v.</u>
<u>Waterhouse</u>, 175 N.H. 291, 299 (2022) (stating that entry of default judgment
was interlocutory, and that "final judgment" was not entered until trial court
subsequently determined damages); <u>Jesurum v. WBTSCC Ltd. P'ship</u>, 169 N.H.
469, 482 (2016) (holding that when appellant filed appeal while a timely motion

for reconsideration was pending in the trial court, the appeal was premature and did not deprive the trial court of jurisdiction to rule upon the pending motion); Cole v. Hobson, 143 N.H. 14, 16 (1998) (stating that the entry of default is not a final judgment on the merits). On March 28, 2023, the trial court granted the motion for final judgment, and thereafter, we denied the petition for original jurisdiction without prejudice to refiling the appeal pursuant to Rule 7. The defendant then timely filed the present appeal.

We will not overturn the trial court's decision not to set aside the final default unless it erred as a matter of law or engaged in an unsustainable exercise of discretion. See Brito v. Ryan, 151 N.H. 635, 637 (2005). As the appealing party, it is the defendant's burden to establish that the trial court erred, to fully develop legal arguments why the trial court erred, and to provide those relevant portions of the trial court record that demonstrate the trial court's error. See Estate of Day, 162 N.H. at 422; Gallo v. Traina, 166 N.H. 737, 740 (2014); State v. Blackmer, 149 N.H. 47, 49 (2003). Based upon our review of the written arguments, the relevant law, and the record on appeal, which does not include the December 2022 order entering final default, any motion filed by the plaintiff for the entry of final default, the defendant's motion to set aside the final default, or the plaintiff's objection to the motion to set aside, we are not persuaded that the trial court erred by entering final default, denying the motion to set aside the default, or entering final judgment. The defendant's remaining arguments concern the merits of whether the plaintiff was entitled to the assessments, fees, and costs awarded to it. Because we are not persuaded that the trial court erred by entering final default, denying the motion to set aside the final default, or entering final judgment under District Division Rule 3.42(e), we cannot address these arguments.

The plaintiff's request in its memorandum of law for an award of attorney's fees and costs incurred on appeal is granted pursuant to RSA 356-B:15, II (2022), subject to the following requirements. The plaintiff shall file a motion for taxation of costs and attorney's fees that is consistent with Rule 23 and is supported by affidavit of counsel establishing both the amount and reasonableness of the attorney's fees and costs it incurred in defending this appeal. Failure to comply with Rule 23 or this order shall be deemed a waiver of an award of attorney's fees and costs incurred on appeal.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2